MARGARET B. CRANE et al., Respondents, *v.* ROBERT L. TURNER, impleaded, etc., Appellant.

An assignee of a mortgage takes it subject to the equities attending its execution; he stands in the place of the mortgagee and can only enforce it in case it could be enforced by the latter if he had not assigned it.

P. and wife executed a mortgage upon premises of which the former had possession under a contract of sale, which mortgage was duly recorded. P. thereafter received a deed, which was recorded; the mortgage was assigned to plaintiff's testator. P. subsequently sold and conveyed the premises, receiving from the grantee a mortgage for a part of the purchase-money, which was duly recorded; the grantee had notice of the prior mortgage. P. assigned his mortgage to defendant T., assuring him that the mortgage was the first lien. T. searched the records back to the deed to P. In an action to foreclose the first mortgage, T. claimed that his mortgage was entitled to priority. *Held*, untenable; that as P. would be estopped from claiming a priority if he had retained the mortgage, his assignee had no superior right and was also estopped; and that the fact that the records showed a perfect chain of title sustaining T.'s mortgage gave it no precedence.

The only effect of recording an assignment of a mortgage is to protect the assignee against a subsequent sale by the mortgagee of the same mortgage.

(Argued November 24, 1876; decided December 5, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiffs, entered upon a decision of the court at Special Term. (Reported below, 7 Hun, 357.)

This was an action for the foreclosure of a mortgage executed by Ethan A. Pierce and wife to Aurora O. Pierce, and by her assigned to the plaintiff's testator.

The facts appear sufficiently in the opinion.

*M. M. Waters* for the appellant. The interest Ethan A. Pierce had March 21, 1865, which he mortgaged to Aurora O. Pierce, was not a mortgagable interest. (2 R. S., 135, § 6; 49 N. Y., 33; 31 id., 453; 9 J. R., 331; 6 id., 34, 39; 7 Barb., 74; 1 Wend., 418; 5 id., 30; 3 Barb. Ch., 407, 413; 47 Barb., 163.) A mortgage without covenants of title, like a quit-claim deed, operates only upon the title the mortgagee had when it was given. (23 N. Y., 532; 56 id., 108; 4 Barb., 180; 40 id., 488, 498; 4 Wend., 623; 1 Cow., 613; 14 J. R., 193; 1 R. S., 738.) The contract of sale with Ethan A. Pierce would not have been a conveyance if it had been in writing, and the record of it would not have been constructive notice. (Gerard's Titles to Real Estate, 474; 28 N. Y., 191; 61 Barb., 111.) A purchaser is not bound to take notice of the record of a deed from a person to whom there is no recorded conveyance. (Gerard's Titles to Real Estate, 593; *Cook* v. *Travis,* 20 N. Y., 402; *Losey* v. *Simpson,* 3 Stockton, 246; 22 Barb., 338; 4 Wend., 619, note; 8 Paige, 361; 17 N. Y., 469; 57 id., 97; 2 Bin., 40.) As no conveyance was shown, sustaining plaintiff's mortgage, defendant was not bound to search for it. (20 N. Y., 402; 17 id., 369; 57 id., 97; 3 Stock., 246; 4 Wend., 619, note; 8 Paige, 361; 22 Barb., 338; 2 Bin., 40; Gerard's Titles to Real Estate, 593.) A conveyance not duly recorded according to law, even when the actual title has passed, is not effectual as constructive notice. (57 N. Y., 102; 28 id., 191; 17 id., 469; 8 J. R., 137; 2 Bin., 40; 8 Paige, 361; *Frost* v. *Beekman,* 1 Johns. Ch., 288.) The recitals in the deed to Ethan A. Pierce were not notice to defendant that he had mortgaged his equitable interest under the contract of sale before the deed was given. (46 N. Y., 384, 392; 15 id., 354; 8 Cow., 260; 3 Wend., 208; Gerard's Titles to Real Estate, 592; 18 J. R., 7; 3 Hun, 571, 573; 32 N. Y., 278.) The notice Ethan A. Pierce had of the existence of plaintiff's mortgage did not affect defendant. (Gerard's Titles to Real Estate, 593; 8 Cow., 260; 6 Paige, 323; 3 Kern., 509; 3 Barb., 652; 22 Wend., 543; 46 Barb., 211; 15 N. Y., 359; 29 id., 220; 34 id., 247, 347; 35 id.,

65;  47 id., 143;  56 Barb., 593;  *Picket* v. *Barron*, 29 id., 505.)

*William G. Choate* for the respondents.  Plaintiff's mortgage was valid, and duly recorded.  (*F., L. and T. Co.* v. *Maltby*, 8 Paige, 361; *Dusenbury* v. *Hurlbert*, 59 N. Y., 544; *Stoddart* v. *Hart*, 23 id., 560; *Jackson* v. *Littell*, 56 id., 112.) Defendant is not entitled to priority as a subsequent mortgagee in good faith, without notice of plaintiff's prior mortgage.  (*F., L. and T. Co.* v. *Maltby*, 8 Paige, 361, 363.)

MILLER, J.  This case involves a question as to the priority of mortgages, as liens upon the premises mortgaged.

The mortgage foreclosed in this action was executed by the mortgagors, Ethan M. Pierce and wife to Aurora M. Pierce, and by the mortgagee was assigned to the plaintiff's testator. The mortgage and the assignment were both duly recorded. At the time when the mortgage foreclosed was executed, the mortgagor, Ethan M. Pierce, had possession of the land under a contract of sale, and held only an equitable title.  A deed was executed to him after the mortgage was given, and subsequently the owner and mortgagor conveyed the premises to J. Denison Pierce, and took back a mortgage from him, which was duly recorded.  The grantee had notice of the existence of the prior mortgage, and the grantor assigned the last-mentioned mortgage to the defendant, Robert Turner, which assignment was also placed on record.  Turner searched the records back to the date of the deed to Ethan M. Pierce, inquired of the latter and was informed that the mortgage assigned was the first lien.  The defendant claims that the mortgage assigned to him was entitled to priority over the mortgage held by the plaintiffs.  We think that this position is without foundation, and cannot be upheld, as is manifest by a reference to recent cases decided in this court.  The principle is settled beyond peradventure, that an assignee of a mortgage must take it subject to the equities attending the original transaction.  If the mortgagee himself cannot enforce

it, then the assignee has no greater rights. The true test is, to inquire what can the mortgagee do by way of enforcement of it against the property mortgaged, and what he can do the assignee can do and no more. As a purchaser of a chose in action he must always abide the case of the person from whom he buys, and he stands entirely in the place of the latter. (*The Trustees of Union College* v. *Wheeler*, 61 N. Y., 88; *Green* v. *Deal*, 64 id., 220.) In the case at bar the original mortgagee of the mortgage held by the defendant Turner, was the owner of the premises; had executed the first mortgage to the plaintiff's assignor, and had full knowledge in regard to the same. He was in no position then to enforce the second mortgage which was given to him by his grantee, as a lien prior to the first one held by the plaintiffs, and the doctrine of estoppel would apply to any such claim. He was fully acquainted with its existence, knew that it was a lien upon the farm prior to the one he had taken, and was thereby absolutely precluded from any right to assert a priority as to the second mortgage. Under the rule referred to, his assignee stands precisely in his position, and has no better or greater right to claim priority. The fact that the assignor had only an equitable title when the first mortgage was given, even if that title was not the subject of a mortgage, does not in any way change the aspect of the case or the rights of the parties. The assignor was estopped from denying the validity of the mortgage or the priority of the lien, and, of course, the assignee takes no better, and no superior right to a preference. Nor is there any ground for the position of the defendant's counsel that under the recording act the plaintiff's mortgage was not notice to the defendant, although recorded, because the record shows a perfect chain of title sustaining the plaintiff's mortgage. This point is also decided adversely to the defendant's claim, in *Green* v. *Deal* (*supra*), and it is there held that the only effect of recording an assignment of a mortgage is to protect the assignee against a subsequent sale of the same mortgage. If it be not put on record then the assignee might assign to another person, a *bona fide* purchaser

for value, who might record his assignment first, and hold the mortgage against the first assignee. The case last cited involves the precise point last considered, and is decisive upon that question.

As the recording act does not aid the defendant, and no ground is shown upon which he is entitled to a priority, it necessarily follows that there was no error upon the trial, and the judgment of the General Term must be affirmed.

All concur.

Judgment affirmed.