[No. 5932.]

# B. CROGHAN v. D. W. MINOR & RICHARD SPENCE.

53   15<br>129  319

PARTIES IN FORECLOSURE SUITS. — Persons claiming title adversely to the mortgagor are not proper parties to a foreclosure suit, as they have no interest in the subject-matter of the action.

APPEAL from the District Court of the Eighth Judicial District, Humboldt County.

The action was brought to foreclose a mortgage, and the defendant Spence, who claimed title adversely to the plaintiff, was impleaded with the mortgagee, defendant Minor.

Judgment was rendered against both defendants, and they appealed.

*H. F. Jones*, for Appellants, cited *Burton* v. *Lies*, 21 Cal. 87; *San Francisco* v. *Lawton*, 18 Cal. 465.

*Chamberlain & De Haven*, for Respondent.

By the COURT:

There is in the record no finding of the fact alleged in the complaint, but denied in the answer, that defendant Spence " has or claims to have some interest in or claim upon said premises, or some part thereof, as purchaser, mortgagee, judgment-creditor, pre-emption or homestead claimant, or otherwise, *which interests or claims are subsequent to and subject to the lien of the plaintiff's mortgage.*"

On the contrary, the Court finds facts showing that the asserted claim of defendant Spence is not subject to the lien of plaintiff's mortgage, and that the alleged interest of said defendant is not derived from nor connected with the estate mortgaged, but is hostile to the claim of the mortgagor.

The object of a suit to foreclose a mortgage is to obtain the sale of the estate which the mortgagor held at the time he executed the mortgage, and the application of the proceeds of the sale to the payment of the demand for the security of which the mortgage was given.

All persons who are beneficially interested, either in the estate mortgaged or the demand secured, are proper parties to the suit.   (*Burton* v. *Lies*, 21 Cal. 87 ;  *San Francisco* v. *Lawton*, 13 Cal. 465.)

This rule will ordinarily embrace a mortgagor and mortgagee, and those who have acquired rights or interests under them, although prior incumbrancers may be made parties for the purpose of liquidating their demands.

It is manifest that those claiming either legal or equitable estates adversely to that of the mortgagor are not proper parties to such a proceeding, as they have no interest in the subject-matter of the action.

On the finding in respect to the claim or interest of defendant Spence, the Court below should have dismissed the bill as to him.

Judgment reversed and cause remanded, with direction to the District Court to enter a decree against defendant Minor, in accordance with the prayer of the complaint, and to dismiss the action as to the other defendant.