## W. D. LAUGHLIN v. J. D. BRALEY.

1. MORTGAGE OF REAL ESTATE *by Equitable Owner.* When a party having a bond for a deed of real estate, or a land contract for the conveyance from the legal owner upon the payment of certain installments, is in possession of the land, and has paid interest on the purchase-money, he is the equitable owner thereof, and has such an interest therein that he can use it to secure a loan, and for that purpose may incumber such interest by an ordinary real-estate mortgage.

2. MORTGAGE, *Valid.* E. held such a land contract, and executed a mortgage on the land to secure certain sums of money, then sold the land to one L., and assigned in writing to him the contract with the legal owner. Out of the money paid by L. to E. the purchase-money was paid, and L., as assignee of E.'s contract, obtained a deed of conveyance from the legal owner. The mortgage executed by E. was duly filed for record prior to the sale to L. *Held,* That the mortgage was a valid incumbrance upon the land, and L. purchased the same subject to the mortgage lien.

3. EVIDENCE, *Not Sustaining Defense.* In an action to foreclose the mortgage, evidence showing the value of improvements placed upon the land by L. does not tend to sustain a defense that the land was fraudulently included in the mortgage, or that the mortgage lien did not cover the land, or that it had been paid.

### *Error from Crawford District Court.*

ACTION by *Braley* against *Laughlin* and others, upon a note and mortgage. Trial by the court at the September Term, 1879, and judgment for the plaintiff. The defendant *Laughlin* brings the case here. The opinion states the facts.

*Voss & Van Syckel,* for plaintiff in error.

*Pursell & Wood,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On October 1st, 1873, J. W. Earles and C. L. Earles, executed at Girard, in this state, to the order of Jeannette R. Braley, a note for $1,852$\frac{50}{100}$, payable one year after date at the Crawford County Savings Bank at Girard, with twelve per cent. interest per annum after maturity. On the same day, to secure the payment of the note, they and their wives, Mary J. Earles and Caroline Earles, executed a mortgage on the following real estate: The undivided two-thirds interest in and to the southwest quarter of section seventeen, and the southeast quarter of section eighteen, in township twenty-nine, range twenty-four, county and state aforesaid. This instrument was filed for record on the 19th day of August, 1874, with the register of deeds of Crawford county. At the time of the execution of this mortgage, John

W. Earles held the southeast quarter of section eighteen under a contract of purchase from the Missouri River, Fort Scott & Gulf railroad company, dated April 8th, 1870, and embodied in four instruments of writing signed by certain officers of the company, and also by himself as purchaser. On March 14th, 1876, W. D. Laughlin, plaintiff in error, bought the land, paying twenty dollars per acre, and took a written transfer or assignment from Jno. W. Earles of his contracts of purchase. In pursuance of these contracts and upon the payment of the balance of the money due thereon, (one hundred and twelve dollars having already been paid as interest,) the railroad company executed a deed of conveyance of the land to Laughlin on September 17th, 1877. The note and mortgage of October 1st, 1873, were transferred before maturity to J. D. Braley, and being unpaid at maturity, said J. D. Braley, on May 15th, 1879, began an action to recover the amount of the note with attorney's fees, protest damages and costs, and also to foreclose the mortgage. W. D. Laughlin was made a party defendant, and answering with Charles L. Earles, set up various defenses — among others, that he was the owner of the land deeded to him by the Missouri River, Fort Scott & Gulf railroad company, and that neither John W. Earles nor any of his co-defendants ever had any interest or right therein. The case was tried by the court, without a jury, and a general finding rendered in favor of J. D. Braley. The amount found due on the note was $2,775.40. Judgment of foreclosure and sale of the mortgaged premises was also rendered, and W. D. Laughlin forever barred of all interest in said southeast quarter of section eighteen.

Objection is now made by Laughlin to the judgment. Owing to the condition of the record we omit various questions discussed and submitted concerning matters proved on the trial. Upon these questions of fact there was evidence *pro* and *con*, and the general finding being against the plaintiff in error, we cannot now interfere. This conclusion leaves only two matters for consideration: *First*, Had John W. Earles any mortgageable interest in the southeast quarter

of section eighteen, township twenty-nine, range twenty-four, on October 1, 1873, the date of the execution of the mortgage to Jeannette R. Braley? *Second*, Ought Laughlin to have been permitted to show the amount of improvements put upon the land by him? The first inquiry must be answered in the affirmative. The legal title was in the railroad company, but Earles had an interest in the property and held the equitable title. He had paid the company $112 on the contracts of purchase when he assigned to Laughlin, and the latter recognized his interest in accepting the assignment of his contracts. Had John W. Earles paid up the purchase-money and taken the deed from the railroad company, of course the lien of the mortgage would be conceded. Now as Laughlin stepped into Earles' shoes, and obtained his contracts, and as the company treated with him as the assignee of Earles, and not otherwise, the change of the deed to Laughlin was, under the circumstances, of like effect as if the land had been deeded to Earles on his contracts and Earles had conveyed to Laughlin. (*Jones v. Lapham*, 15 Kas. 540.) It is true that in some of these matters Laughlin had no actual knowledge of the condition of the property which he was buying, but as the mortgage of the Earleses was of record long prior to his purchase, and as in other matters he permitted one Playter to act for him, in law he is bound by the record and the knowledge of his agent. It is perhaps true that Playter misled Laughlin, and otherwise abused his confidence; but if such be the fact, Laughlin's recourse is against him, not against the parties to whom no wrong can be imputed. We have thought it unnecessary to comment upon the special conditions and stipulations of the land contracts, because the railroad company has never claimed any forfeiture or revocation of the contracts or intervened against the mortgage, and the special stipulations referred to by counsel do not concern this controversy.

The second inquiry must be answered in the negative. The amount of valuable or other improvements that Laughlin had placed upon the land was immaterial to any issue

presented. It did not tend to prove that the Earleses did not mortgage the land, or that the lien of the mortgage did not cover the land, or that it had been paid, or to prove any other issuable fact. The evidence, being irrelevant, was properly rejected.

The judgment of the district court will be affirmed.

All the Justices concurring.