WILLIAM SMYTH, AS ACTING SUPERINTENDENT OF THE INSURANCE DEPARTMENT OF THE STATE OF NEW YORK, PLAINTIFF, *v.* EDWARD ROWE AND OTHERS, DEFENDANTS.

(CLARA A. HELM, PURCHASER, APPELLANT.)

*Mortgage — when an equitable title held by the mortgagors will pass under it.*

The owners of land fronting on a highway executed a mortgage thereon, which was subsequently foreclosed and the premises sold. At the time the mortgage was given the land of the mortgagors was bounded, by the terms of their deed, by the exterior line of the highway, although it was intended by them and by their grantor that they should own to the center of the street. The mortgage conveyed the land, bounding the same by the center of the highway, together with " all the estate, right," etc., " as well in law as in equity of the said parties of the first part of, in or to the same, and every part and parcel thereof, with the appurtenances." Subsequently the street was abandoned and a quitclaim deed was executed to the mortgagors by their grantor conveying the portion of the old highway. The mortgagors were parties to the action of foreclosure.

*Held,* that as they were at the time of the execution of the mortgage the equitable owners of the land in the street, such equitable title passed to the mortgagee and the foreclosure and sale transferred to the purchaser the equitable title, together with the legal title thereto subsequently acquired.

APPEAL from an order of the New York Special Term, compelling the purchaser to complete his purchase under a sale had upon the foreclosure of a mortgage executed by Edward Rowe and B. F. Beekman to the Merchants' Life Insurance Company. The mortgage and the bond to which it was collateral were on July 24, 1872, assigned by the Merchants' Life Insurance Company to the Superintendent of the Insurance Department. This mortgage covered and included in its description land which had been formerly

a part of the Bloomingdale road, although this land was not included in the description of the land conveyed to the mortgagors, such description running the line along the easterly line of the Bloomingdale road instead of the center line thereof.

*Edward Mitchell*, for the plaintiff.

*Hoffman Miller*, for Clara A. Helm, purchaser, appellant.

HAIGHT, J.:

On December 16, 1850, the National Mechanics' Banking Association was the owner in fee of the premises described in the mortgage. The premises in question then ran to the center of the Bloomingdale road. The Mechanics' Banking Association on that day conveyed the premises to Henry Coggill; bounding the same on the exterior instead of the center line of the Bloomingdale road. Subsequently the premises were conveyed to Edward Rowe and B. F. Beekman, the mortgagors. The purchaser under the foreclosure of the mortgage refuses to complete his purchase and take title for the reason that the mortgagors, at the time of executing the mortgage, were not the owners in fee of that part of the premises formerly located within the line of the Bloomingdale road. It appears that, under chapter 697 of the Laws of 1867, Bloomingdale road was changed into a boulevard, and that portions thereof embracing the lands in dispute were no longer used as a public highway. Subsequent to the execution of the mortgage and on the 25th day of September, 1873, the National Mechanics' Banking Association, at a meeting of its board of directors, passed a resolution directing that the president and cashier execute a quit-claim deed to B. F. Beekman and Edward Rowe of the lands in dispute herein, in which resolution they state that the lands were intended to have been conveyed to Henry Coggill in 1850. Subsequently a quit-claim deed was executed by the officers of the bank and delivered to B. F. Beekman and Edward Rowe, the mortgagors herein.

The plaintiff, at the time that he took an assignment of the mortgage, took from the defendant B. F. Beekman a written certificate in which he certified that there was unpaid and due upon the mortgage the principal sum of $40,000, and that there were no legal or equitable defenses against the same. A mortgage, like a

quit-claim deed, contains no covenants of title. Either instrument operates only upon the present right of the party executing it, and an after-acquired right or title does not inure to the benefit of the grantee or mortgagee or purchaser on foreclosure. (*Power* v. *Lester*, 23 N. Y., 532.)

This rule was recognized by the learned justice at Special Term, but that court was of the opinion that the certificate furnished the plaintiff at the time the mortgage was assigned to him operated as a covenant of title and estopped the mortgagors from afterwards questioning the same.

This is doubtless true as to the defendant B. F. Beekman, the person who executed the certificate ; the appeal book fails to show that Beekman and Rowe were copartners and that the premises in question were copartnership property. We must assume therefore that they were the owners as tenants in common. If so, we fail to see how the certificate of Beekman would estop Rowe from asserting his after-acquired title

There is another theory however upon which we are of the opinion that the order of the Special Term should be affirmed. It appears from the resolution passed by the board of directors of the National Mechanics' Banking Association, that it was the intention of the bank in its conveyance to Henry Coggill to have included in the deed the lands in dispute. That it was the intention of the bank to have bounded the same by the center instead of the exterior line of the Bloomingdale road. And for the purpose of completing that which was the understanding and intention of the parties, the quit-claim deed was executed to Beekman and Rowe. From this fact we conclude that Beekman and Rowe were the equitable owners of the lands in question at the time of executing the mortgage, if they were the equitable owners then their title passsed under the express provision of the mortgage. The mortgage conveys all the estate, right, title, interest, dower, right of dower, property, possession, claim and demand whatsoever, as well in law as in equity of the mortgagors. The quit-claim deed therefore only conveyed the legal title to the persons who were the equitable owners. Beekman and Rowe were parties to the foreclosure action. The foreclosure and sale transfers to the purchaser their equitable title, as well as their subsequently acquired legal title. (*Crane* v. *Turner*, 67 N. Y., 437.)

The order of the Special Term should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.