## EDWARD W. TUCKER, APPELLANT, v. MARTIN COONEY AND HOYT H. FREEMAN, RESPONDENTS.

*Eviction—what is such an eviction as to constitute a breach of a covenant of warranty.*

This action was brought to foreclose a mortgage given to the heirs and devisees of one Crippen by the defendants, upon their conveying to the defendants by a warranty deed certain real estate, formerly belonging to the deceased, for the consideration of $2,000, of which $1,000 was paid in cash and payment of the balance was secured by the mortgage. Thereafter the said real estate was sold under an order of the surrogate to pay debts of the deceased, and was purchased upon such sale by said defendants. The said defendants entered into possession of the land under the warranty deed and were never actually evicted therefrom:

*Held,* that the sale of the land under the order of the surrogate and the purchase thereof by the defendants was such a constructive eviction as to constitute a breach of the covenant of warranty contained in the deed, and furnished a defense to the foreclosure of the mortgage given to secure the price of the land thereby conveyed.

APPEAL from a judgment, entered upon the decision of the court at the Onondaga Special Term, February, 1881, dismissing the complaint.

The action was for the foreclosure of a bond and mortgage, dated July 15, 1878, given by the defendants above-named to Charles A. Crippen, Olive Ann Powers and Alice M. Selden, to secure the payment of $1,000, and assigned by said mortgagees to plaintiff. A personal judgment against the defendants was asked for any deficiency. The answer set up that the bond and mortgage were given as a part of the purchase-price of the premises therein described, which the mortgagees conveyed by warranty deed to the mortgagors at the time of the execution of the mortgage; that the mortgagees derived their title to the premises as heirs and devisees of Alonzo Crippen, who died in April, 1878; that in June, 1880, the premises were sold under the order of the surrogate for the payment of the debts of the deceased, whereby defendants' title and the consideration of the bond and mortgage failed, and that defendants were evicted and the covenants of the mortgagees broken, to the damage of defendants in $1,800, which they claimed to recoup. The answer also set up fraud, but that was not found by the trial court. The reply denied the eviction, and set up that the widow of said deceased, before the deed to defendants, had conveyed her dower right to the mortgagees, and that this passed to the defendants, and they had received thereon the sum of $485, and that defendants also had received rents of the value of $2,500.

*John C. Hunt,* for the appellant.

*William G. Tracy,* for the respondents.

MERWIN, J. :

In July, 1878, the premises covered by the mortgage were sold by the mortgagees to the defendants for $2,000, of which $1,000 was paid down and the bond and mortgage in suit given for the balance. The mortgagees were the sole heirs and devisees of Alonzo

Crippen, who died April 17, 1878, seized of the said premises, and leaving him surviving a widow and said heirs.

The widow on the 20th June, 1878, conveyed all her dower interest to the three heirs. The deed to the defendants contained the covenant on the part of the grantors " that the premises thus conveyed in the quiet and peaceable possession of the said parties of the second part, their heirs and assigns, they will forever warrant and defend against any person whomsoever lawfully claiming the same or any part thereof." Immediately after the giving of this deed the defendants took possession. Afterwards and in June, 1879, the administrator, with the will annexed of said Alonzo Crippen, deceased, commenced proceedings in the Surrogate's Court to sell the said real estate for the payment of the debts of said deceased, and this, through proceedings which are conceded to be regular, resulted in a sale of said premises by the order of the surrogate on the 12th June, 1880. At that sale the defendants bid off the premises for $2,630, which sum they paid and the sale was confirmed and a deed given to them June 19, 1880. The defendants in fact remained in possession all of the time. After the sale the administrator from the proceeds paid to the defendants $485, being the value of the dower right of the widow that had passed to the heirs by deed from the widow, and to the defendants by their deed from the heirs. The Special Term found that this sum, together with the rental use or value of the premises from July, 1878, to July, 1880, was less than the $1,000 paid down by the defendants. This finding is excepted to, but it is warranted by the evidence.

The main question on this appeal is whether the sale under the surrogate's order, the purchase by defendants and deed to them, operate to perfect a liability in favor of defendants against plaintiffs' assignors, on their covenant of warranty in the deed to defendants. In the case of *Cowdrey* v. *Coit* (44 N. Y., 382) the grantee, in a deed containing covenants of warranty and of quiet enjoyment, became himself the purchaser on the foreclosure of a prior mortgage and then sold his bid to a third party, surrendering to him the possession on his obtaining the sheriff's deed, and it was held to be an eviction and available as a defense to an action on a bond for purchase-money, and the court say (p. 388) it was immaterial

whether the grantee or the third party took the sheriff's deed; there was in equity an eviction, the defendant was dispossessed under a title paramount to his own, and there was a failure of the consideration of the bond. This proposition was said to be authorized by the case of *Hunt* v. *Amidon* (4 Hill, 345). There the plaintiff, being entitled to the benefit of a covenant of the defendant for quiet enjoyment, brought an action in assumpsit to recover of defendant the amount paid by plaintiff upon his purchasing the premises upon a foreclosure sale of a prior mortgage. It was held the plaintiff could recover. In *Waldron* v. *McCarty* (3 Johns., 471) the action was of covenant and the declaration set out a covenant of defendant for quiet enjoyment, the existence and foreclosure of a prior mortgage and a sale, and that the plaintiff was obliged to purchase the premises in order to prevent his being deprived and ousted of them. On demurrer the declaration was held bad as not containing an allegation of entry and expulsion or some actual disturbance in the possession, it being stated that the action in that form would not lie; but whether in some other form or count it would not lie it was not decided. This case and many subsequent ones apparently approving it are relied on by the plaintiff's counsel in the case before us as establishing the proposition that there was not such an eviction of the defendants as will make their defense available. If the Waldron case is claimed to be authority against the idea of a constructive eviction properly plead, it certainly would not be followed at this day. In *Shattuck* v. *Lamb* (65 N. Y., 500) a party was allowed to recover though never in possession, it being said that if the covenantee is kept out by means of a superior title this is equivalent to an eviction. There need be no eviction by process of law but a covenantee may voluntarily surrender possession to one having paramount title and then maintain his action for breach of covenant. (*Shattuck* v. *Lamb*, *supra*, p. 505 and cases cited.) So it has been held that when the title under which a mortgagor held has been extinguished, so that he may be legally evicted, he may then either attorn to the holder of the paramount title or surrender possession to him on demand and defend against his mortgage without actual eviction. (*Curtiss* v. *Bush*, 39 Barb., 664, and cases cited.) In Rawle on Covenants (4th ed., 158, *et seq*.), the rule is laid down and

supported by many cases, that a constructive eviction exists where the covenantee has compulsorily purchased or taken a lease under the paramount title without any actual change of possession. (See *Brown* v. *Dickerson,* 2 Jones [12 Penn. St.], 372 ; *Whitney* v. *Dinsmore,* 6 Cush., 124 ; *Loomis* v. *Bedel,* 11 N. H., 74.)

In *Boreel* v. *Lawton* (90 N. Y., 293), it is said that there cannot be a constructive eviction without abandonment of possession. That remark should be construed in connection with the case then before the court which was was an action by a landlord against his tenant for rent, and the defendant, admitting the continuance of the tenancy during the time for which rent was demanded, alleged certain acts done or permitted by the landlord to the tenant's damage which he set up as a counter-claim. It was held that there was not such an eviction as would furnish a basis for an action on the covenant for quiet enjoyment, and that although the defendant may have had a cause of action, it was not the subject of a counter-claim. Several other cases are cited arising out of leases, but none question the right of a tenant to attorn to a paramount title and thereby defeat an action for rent subsequently accruing. (*Simers* v. *Saltus,* 3 Den., 214 ; Wood's Land. and Ten., 807, and cases cited in note 1.)

In the present case there is no question but that the title, acquired from the mortgagees and in consideration of which the mortgage was given, was extinguished by the sale under the surrogate's decree and subsequent deed. As the result of that proceeding the purchaser became absolutely entitled to the property. The defendants had a right to bid and to purchase, and none of the rights of their grantors were injured by their so doing. And although they became the purchasers the rights which they held under their prior deed were none the less destroyed. Their possession under it was not only disturbed but destroyed. The injury was as complete as though there had been an actual expulsion. This was a constructive eviction and a breach of the covenant for quiet enjoyment. No question is made about the proposition that the plaintiff has no greater rights than his assignors. (*Crane* v. *Turner,* 67 N. Y., 437 ; *Seligman* v. *Dudley,* 14 Hun, 186.) The evidence as to improvements, if not strictly material, did not injure the plaintiff.

It is further claimed by the plaintiff that the defendants, in

accepting the value of the dower of the widow as derived through their deed, waived their rights on the covenant as against the mortgage. This is not apparent. They received back so much of the consideration they had paid, making it a partial instead of a total failure. It only reduced the amount of their counter-claim, which still goes to the full amount of the deed and mortgage.

The judgment should be affirmed, with costs.

HARDIN, P. J., concurred.

Present — HARDIN, P. J., and MERWIN, J.

Judgment affirmed, with costs.