[No 14412. Department Two. — March 11, 1892.]

## W. J. CODY, RESPONDENT, *v.* A. E. BEAN ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—LITIGATION OF ADVERSE TITLE—ANSWER —OBJECTION TO EVIDENCE. — A title paramount and hostile to the title of the mortgagor and mortgagee cannot be litigated in an action to foreclose a mortgage; and when an answer sets up such paramount title to a portion of the mortgaged premises, it is error to overrule an objection to evidence thereof, as being irrelevant and immaterial and tending to prove no issue in the case.

ID. — JUDGMENT AS TO ADVERSE TITLE — MODIFICATION UPON APPEAL. — It is proper that the judgment in such case should be without prejudice to the adverse right claimed by the defendant, who is made a party under an allegation that he has or claims an interest in the premises which is subject to the lien of the plaintiff's mortgage; and a judgment erroneously determining the adverse title set up in the answer will be modified accordingly upon appeal.

APPEAL from a judgment of the Superior Court of Mono County.

The facts are stated in the opinion of the court.

*H. M. Eddy, Charles L. Hayes,* and *Richard S. Miner,* for Appellants.

*Reddy, Campbell & Metson,* and *W. O. Parker,* for Respondent.

McFARLAND, J. — The defendants Bean and Brown executed a mortgage to the assignor of plaintiff upon two adjoining mines, one of which is called the Rattlesnake Extension Mine. Several other persons were made defendants, as claiming some interest in the mortgaged premises. All the defendants made default except James H. Sturgeon, who answered, setting up, in brief, that plaintiff acquired no interest in the undivided two thirds of said Rattlesnake Extension by said mortgage made by Bean and Brown; that the latter had no right or title to or in said two thirds; and that at the time of the execution of said mortgage, and ever since, said Sturgeon was, and has been, " the sole, lawful, and exclusive owner "

thereof; and the prayer of the answer is, that he, Sturgeon, "be adjudged and decreed the sole exclusive owner of "said two thirds, and that plaintiff be enjoined from asserting any interest therein. His answer contains no denial of any of the averments of the complaint which are material in an action to foreclose a mortgage. Judgment was rendered for plaintiff, and said defendant Sturgeon appeals therefrom, and from an order denying a new trial.

The title to a portion of the mortgaged premises thus asserted in appellant's answer was paramount and hostile to the title of the mortgagors and mortgagee; and it has been held here uniformly and repeatedly that such a title cannot be litigated in an action to foreclose a mortgage. (*Ord* v. *Bartlett*, 83 Cal. 428, and cases there cited; *McComb* v. *Spangler*, 71 Cal. 418; *San Francisco* v. *Lawton*, 18 Cal. 474; 79 Am. Dec. 187; *Sichler* v. *Look, post,* p. 600, and cases there cited.) In *Ord* v. *Bartlett*, 83 Cal. 428, it was held that a demurrer to such an answer was properly sustained. In the case at bar, when the appellant commenced offering his evidence to show his paramount title, respondent objected to it because it was "irrelevant, immaterial, and tends to prove no issue in the case." The objection should have been sustained; but it was erroneously overruled. After that the trial proceeded upon no very well-defined theory; but it is probable that the court undertook to try and determine appellant's said paramount title. If the issue as to that title had been properly before the court, we are not prepared to say that its conclusion about it was erroneous; but we shall not examine that question; for to allow such issues to be litigated in an action to foreclose a mortgage when the sale under the decree carries to the purchaser merely such title as the mortgagor had would be to sanction a condemned practice and confuse litigation. Titles like that asserted by appellant "must be settled in a different action, giving rise, as they generally do, to questions of purely legal cognizance. (*San Francisco* v. *Lawton*, 18 Cal. 474; 79 Am. Dec. 187.) As

to the general averment in the complaint that the defendants named "have, or claim to have, some interest" in the mortgaged premises which were "subject to the lien of plaintiff's mortgage," and when it is an issuable averment, see *Sichler* v. *Look, post,* p. 600. Whether or not a judgment rendered in a foreclosure suit which determined an issue of paramount title thus improperly presented could afterwards be collaterally attacked is a question not arising here.

We do not think that the judgment in the case at bar really affects the title which appellant sets up in his answer; but to make that point clear, we have considered it proper to follow the precedent of *Ord* v. *Bartlett,* 83 Cal. 428, and modify the judgment in that respect.

It is ordered that the judgment of the superior court herein be modified by adding thereto, immediately before the words "done in open court," the following: "Provided that nothing in this judgment shall be construed or held to prejudice or affect any right or title of the defendant James H. Sturgeon to any part of the said mortgaged premises which he may have had prior to and at the time of the execution of the mortgage set forth in the complaint herein, and which he asserts adversely to the title of the mortgagors therein." And as thus modified, the judgment and order denying a new trial are affirmed, without costs to respondent.

DE HAVEN, J., and SHARPSTEIN, J., concurred.