[S. F. No. 1390.   Department Two.—March 24, 1900.]

W. F. GOAD, Respondent, v. WILLIAM H. H. HART, Appellant.

ATTORNEY AND CLIENT — ASSIGNMENT BY ATTORNEY OF SPECIFIED SUM OUT OF PERCENTAGE FEE—LIEN OF ASSIGNEE.—The assignment by an attorney of a specified sum to be paid out of the first money to be received by him upon a percentage fee contracted to be paid on the value of the property realized by his client creates an equitable lien on such percentage fee in favor of the assignee in the sum specified.

ID.—COMPOSITION WITH CLIENT—TRANSFER OF REALTY FOR PERCENTAGE— ENFORCEMENT OF LIEN BY ASSIGNEE—REASONABLE TIME.—Where the attorney compounded with his client, and received a transfer of real estate in lieu of the proposed percentage fee, the right of the assignee to enforce his lien upon the fee and to demand and receive the specified sum became absolute; and the attorney was only entitled to a reasonable time to procure the money.

ID.—OPTION OF CLIENT TO PAY PERCENTAGE AND TAKE RETRANSFER— MATURITY OF ASSIGNEE'S CAUSE OF ACTION.—An agreement that the realty transferred to the attorney should be retransferred to the client, upon the exercise of the client's option to pay the percentage in money within a specified time, is not a condition attached to the grant, but is a mere covenant for an option which the client in fact declined to exercise; and the existence of such covenant could not affect the maturity of the cause of action by the assignee to enforce his lien, after allowing a reasonable time from the transfer of the realty to raise the money.

ID.—ACTION BY ASSIGNEE—CLIENT NOT A NECESSARY PARTY.—In an action by the assignee against the attorney, the client is a proper,

but not a necessary, party. The rights of the client under the contract giving the option, being known to the assignee, could not be injured by an adjudication for the payment of the specified sum agreed to be paid by the attorney to his assignee.

ID.—NEGOTIATION OF LOAN FROM CLIENT BY ATTORNEY—PAYMENT FOR ATTORNEY'S SERVICES BY BORROWER—VALIDITY OF CONTRACT.—Where one attorney negotiates a loan through another attorney from the client of the latter, promising to pay him for his services by the assignment of an interest in his own fee, which arrangement was fully understood and agreed to by the client making the loan, the contract to pay for the services of the attorney negotiating the loan is upon sufficient consideration, and is not against good morals or public policy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Aylett R. Cotton, for Appellant.

The agreement with the guardian of Florence Blythe is that which was assigned to plaintiff, and as it is wholly void, and could not be enforced by the defendant, plaintiff took nothing under the assignment. (*Estate of Page,* 57 Cal. 238; *Hunt v. Maldonado,* 89 Cal. 636; *Fish v. McCarthy,* 96 Cal. 484; 31 Am. St. Rep. 237; *Guy v. Du Uprey,* 16 Cal. 196; 76 Am. Dec. 518; Schouler's Domestic Relations, 5th ed., sec. 344.) It was against public policy for an attorney to take pay for influencing his client, and whatever attorney's services may have been rendered by Goad to the defendant, the illegal part of the contract is inseparable and taints the whole. (*More v. Bonnet,* 40 Cal. 251; 6 Am. Rep. 621; *Prost v. More,* 40 Cal. 347; *Moffatt v. Bulson,* 96 Cal. 106; 31 Am. St. Rep. 192; *Valentine v. Stewart,* 15 Cal. 387; *Mill etc. Co. v. Hayes,* 76 Cal. 387; 9 Am. St. Rep. 211.) Florence Blythe was a necessary party defendant.

Platt & Bayne, for Respondent.

The original contract, however invalid it may have been, having been affirmed and adopted by Mrs. Hinckley gave Hart a complete equitable interest in the property for his percentage. (*Hoffman v. Vallejo,* 45 Cal. 564; *Howell v. Budd,* 91 Cal. 343,

351, 352; *Luco v. De Toro,* 91 Cal. 405, 417.)   When he received
the conveyance he was bound to raise the money for plaintiff,
who had a lien on his fees for the sum specified. (*Walker v.
Brown,* 165 U. S. 664, 665.)   By putting it out of his power to
pay plaintiff in money, he was liable at once to pay the agreed
money. (*Fratt v. Hunt,* 108 Cal. 293.)   Mrs. Hinckley was not
a necessary party to the action. (*Hoffman v. Vallejo, supra;
Elliott v. Leopard Min. Co.,* 52 Cal. 362, 363; *Carpentier v. Bren-
ham,* 40 Cal. 221, 235; *Hoppe v. Fountain,* 104 Cal. 102; *Cody v.
Bean,* 93 Cal. 579; *Eby v. Foster,* 61 Cal. 287, 288.)   The agree-
ment for the option did not make the transfer conditional, but
was an independent covenant, and creates no obligation on the
part of Mrs. Hinckley. (*Henley v. Hotaling,* 41 Cal. 22, 26-28;
*Montgomery v. Spect,* 55 Cal. 353, 354; *Manasse v. Dinkelspiel,*
68 Cal. 406, 407; *Mahoney v. Bostwick,* 96 Cal. 58; *Ganceart v.
Henry,* 98 Cal. 284; *Farmer v. Grose,* 42 Cal. 169, 172, 173.)
The contract in suit was founded upon a sufficient consideration
and is not against public policy, the agreement being under-
stood and agreed to by all parties interested, including Mont-
gomery. (Clarke on Contracts, 443, note 208; *Roysdon v. Carr,*
63 Cal. 191, 192; *Leekins v. Nordyke etc. Co.,* 66 Iowa, 471;
*Rochester v. Levering,* 104 Ind. 562.)

HENSHAW, J.—The appeal is from the judgment and from
the order denying a new trial.   Defendant Hart, on February
24, 1892, executed to plaintiff Goad a written contract, wherein,
for value received and for services rendered by the said Goad,
the defendant assigned to him ten thousand dollars of his fee
in the Blythe estate contest, "the ten thousand dollars to be
paid out of the first moneys collected on my fee."   At the time
of the execution of this contract there was existing between the
defendant Hart and James Crisp Perry, guardian of the person
and estate of Florence Blythe, who was at that time a minor, a
contract by which, for his services to Florence Blythe in the
matter of the litigation over the estate of Thomas Blythe, de-
ceased, the said Hart was to receive twelve and one-half per cent
of the value of the estate of Thomas H. Blythe which might be
received by Florence.   Thereafter the estate of Thomas H.
Blythe was distributed to Florence, and she, having attained her
majority, ratified the contract executed upon her behalf by her

guardian, and granted, transferred, and conveyed to the defendant Hart twelve and one-half per cent of all the estate of Thomas H. Blythe, deceased, of every kind and nature. The agreement further provided that Florence Blythe might at any time before the first day of May, 1897, pay to the defendant Hart twelve and one-half per cent of the value of the property, and upon such payment Hart would retransfer to her all his right to the property, under the deed and agreement. Hart accepted this contract in full satisfaction of his claim. After the date of this agreement plaintiff made demand upon Hart that he pay to him the sum of ten thousand dollars within a reasonable time, and, upon Hart's failure so to do, instituted this suit. Defendant interposed a demurrer that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties defendant in that Florence Blythe was a necessary party to the action. The court overruled the demurrer, and for answer defendant alleged that the ten thousand dollars was payable to Goad out of the first moneys by him received; that he had received no money, but only an interest in real estate; that the interest was transferred on condition that Florence might at any time before the first day of May, 1897, pay to the defendant twelve and one-half per cent of the present value of the property, and that in such event it was the defendant's duty to reconvey the same to her; that the time had not expired, and that therefore the action was prematurely brought. It was further alleged that the contract was against public policy and good morals, and without consideration.

We think the complaint states a cause of action. The contract between Goad and Hart called for the payment by Hart of ten thousand dollars out of the first moneys by him received, and assigned to Goad so much of the prospective fee. There was thus an equitable lien created on the fee in plaintiff's favor to that amount. (*Walker v. Brown*, 165 U. S. 654.) When, however, Hart compounded with Florence Blythe, and received in full satisfaction of all his claims the transfer of the real estate in lieu of the proposed payment of money, plaintiff's right to demand and receive the money, or, in the event of the failure to pay it, his right to enforce his lien to the amount of ten thousand dollars, became absolute. Hart was entitled but to a

reasonable time to procure the money, and this indisputably was given him.  The language of the contract between Florence Blythe and Hart, by which upon the payment of the value of the property deeded to Hart before the first day of May, 1897, he was to retransfer and convey the property which he had received, was not a condition attached to the grant, but a mere covenant or agreement, which, as appeared on the trial, Florence Blythe had declined to avail herself of.  Florence would have been a proper party to the action, but she was in no sense a necessary party.  Her rights to the property which she had conveyed to Hart were embraced in a written contract, were known to plaintiff, and were superior to his own.  She could not, therefore, be injured by any adjudication here sought.  (*Carpentier v. Benham*, 40 Cal. 221; *Cody v. Bean*, 93 Cal. 579; *Hoppe v. Fountain*, 104 Cal. 102.)

The contention that the contract was without consideration and against good morals and public policy scarcely merits a passing notice.  It appears without conflict that defendant Hart asked the assistance of plaintiff in procuring a loan from Montgomery, promising him for the services that he might render in that behalf to execute the contract here in question. Goad was Montgomery's attorney.  He submitted Hart's proposition fully to his client, both as to the proposed loan from Montgomery and the proposed compensation to him, Goad. Montgomery was fully advised in the matter, and under these circumstances made the loan.  Goad was not to receive, and did not receive, any compensation from Montgomery, but, as was usual in such transactions, looked to the borrower.  There was nothing secret, devious, or underhand in the transaction. It was all open and above board, and with the approval of Montgomery.  The naked statement of the facts is a complete disposition of appellant's contention.

Plaintiff having died pending this appeal, and his executrix having been substituted in his place and stead, it is ordered that the order of the superior court denying defendant's motion for a new trial be affirmed, and that the judgment appealed from be affirmed in favor of the substituted plaintiff, Ella Goad Hooker, as executrix of the estate of W. F. Goad, now deceased.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 25th of April, 1900:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause and from the judgment of the Department upon the ground that the suit was premature. There was not, in my opinion, anything due upon defendant's contract when the action was commenced.