[L. A. No. 605. Department Two.—July 24, 1900.]

ELIZABETH MURRAY, Respondent, v. LAURENT ETCHEPARE et al., Defendants. MARIA E. C. DE LEONIS, Appellant.

FORECLOSURE OF MORTGAGE—HOSTILE TITLE NOT TO BE LITIGATED.—In an action to foreclose a mortgage, a title asserted which is paramount and hostile to that both of the mortgagor and mortgagee cannot be litigated, but must be asserted in a different action.

ID.—CROSS-COMPLAINT—CONVEYANCE PROCURED BY FRAUD OF MORTGAGOR—KNOWLEDGE OF MORTGAGEE—INJUNCTION.—A cross-complaint of a defendant in such action, who was a former owner of the mortgaged premises, averring that the conveyance made to the mortgagor was procured by fraud and false representations on his part, and that these facts were known to the plaintiff when the mortgage was taken, and praying for an injunction to restrain the foreclosure of the mortgage, asserts a paramount and hostile title, and should not be permitted to be filed.

ID.—INSUFFICIENT ANSWER—JUDGMENT UPON PLEADINGS.—Where the facts averred in the cross-complaint are also set forth in the answer of the same defendant, they constitute no defense to the action of foreclosure, and judgment is properly rendered for the plaintiff upon the pleadings foreclosing the mortgage for the amount found to be due.

ID.—FORM AND EFFECT OF DECREE OF FORECLOSURE—ADVERSE TITLE NOT AFFECTED.—A decree of foreclosure is in better form when it expressly saves all paramount and hostile rights asserted by a defendant; but the absence of such form is not material, as the

decree, no matter what its terms may be, has no effect what-
ever upon a paramount and adverse title or estate.

ID.—ADVERSE EQUITABLE ESTATES.—The principle that adverse titles
cannot be litigated in a foreclosure suit, and are not affected
by the decree of foreclosure, applies as well to adverse equitable
estates as to adverse legal estates.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

Horace Bell, and George H. Smith, for Respondent.

McFARLAND, J.—Action to foreclose a mortgage executed
February 12, 1895, by defendant Etchepare to plaintiff.
Leonis was made a party defendant upon the averment that
she claimed some interest in the mortgaged premises "subse-
quent to and subject to the lien of the plaintiff's mortgage."
Etchepare suffered default. Leonis answered, averring that
she was the owner of the premises on and prior to July 31,
1894, and on that day conveyed the same to defendant Etche-
pare; that the conveyance to the latter was procured by fraud,
false representations, etc., and that these facts were known to
plaintiff when she took the mortgage. She also presented a
cross-complaint, in which she set up these facts and prayed that
plaintiff be restrained from foreclosing the mortgage, etc.; but
the court refused to allow the same to be filed. Judgment was
then rendered on the pleadings, foreclosing the mortgage for
the amount found to be due. Leonis appeals from the judg-
ment. These rulings of the court below were correct, and we
see no reason for reversing the judgment. The title asserted
by appellant to the mortgaged premises was paramount and
hostile to that of both the mortgagor and mortgagee, and it
has been definitely established here that such a title cannot
be litigated in an action to foreclose a mortgage. (*San Fran-
cisco v. Lawton,* 18 Cal. 474[1]; *Croghan v. Minor,* 53 Cal. 15;
*Marlow v. Barlew,* 53 Cal. 456; *Ord v. Bartlett,* 83 Cal. 428;
*Cody v. Bean,* 93 Cal. 578; *Sichler v. Look,* 93 Cal. 608, 609.)

[1] 79 Am. Dec. 187.

The rule is not affected by the cases of *Houghton v. Allen*, 75 Cal. 102, *Hewlett v. Pilcher*, 85 Cal. 542, and *Randall v. Duff*, 79 Cal. 115. In the Houghton case it appears from the briefs that the parties did not raise the question here involved—evidently because they wanted other important matters touching their property rights definitely determined in that action; and the court did not see fit itself to raise a question which the parties had ignored. But the court, in its opinion, restated the rule by saying "the rights only of those who hold or claim under the mortgagor can be determined in an action to foreclose a mortgage; a title claimed adversely to the mortgagor cannot be thus litigated"—citing authorities above referred to. In the Hewlett case the question decided was one of evidence, and there is no reference in the case to the point here involved. Moreover, the fact that the defendant there had succeeded to the title of the mortgagor by a judgment rendered subsequently to the mortgage was probably the reason why the point involved in the case at bar was not made in that case. *Randall v. Duff, supra,* was a different case from the one at bar. That action was brought by a purchaser under a foreclosure sale to quiet title against the owner of the mortgaged premises, whose attorney in fact had, without authority, conveyed the land in the owner's name to the mortgagor. It was not an action to foreclose a mortgage; and the question involved was the right of the defendant to redeem. Before the action to foreclose— under which plaintiff claimed—had been commenced, the defendant had commenced an action to set aside the deed of his attorney, of which action plaintiff had notice; and it was this fact, together with other circumstances, that, as the court said, "entitled William Duff [the defendant] to be made a party to the foreclosure suit, and that his right to redeem could not otherwise be barred." The theory was that William Duff was, under the facts, substantially in the position of a subsequent grantee, or that he was himself really the mortgagor; otherwise he need not have relied on his "right to redeem"—which was the question in the case. If he had been in the position of one holding the paramount title adversely to both mortgagee and mortgagor, that title would have been unaffected by the foreclosure.

The judgment in the· case at bar would have been in better form if it had expressly saved all the rights of appellant which are paramount and adverse to those of the mortgagor and mortgagee, as was ordered in *Ord v. Bartlett, supra,* and *Cody v. Bean, supra;* but as it has been so clearly declared by this court that a decree of foreclosure, no matter what its terms may be, has no effect on a paramount title, we do not deem it necessary to order the judgment modified in that respect in the case at bar.   In *Sichler v. Look, supra,* the court, speaking of a defendant who was alleged in the foreclosure suit to claim some interest in the mortgaged premises, says: "A sale of the mortgaged premises under the judgment entered against him by default will be limited in its effect to the rights acquired therein by him subsequent to the mortgage, irrespective of the character of the averment"—citing cases.   It is proper to make such a person defendant in a foreclosure suit, and "the character of his interest is immaterial to the plaintiff, and need not be set forth in the complaint." (*Sichler v. ·Look, supra,* and cases there cited.)   Such a defendant, if he have an interest subject to the mortgage, can appear, if he so desires, and have such interest protected or enforced by the judgment. If his title be a paramount one it will not be affected by a fore-closure whether he appear or not; but if he undertakes to set up such paramount title it will not be litigated in the action. In such case the plaintiff could successfully demur to the answer, which was done in *Ord v. Bartlett, supra,* or could dis-miss the action as to the adverse claimant; but in no event would the decree of foreclosure affect the paramount and ad-verse title.   There is no reason why the principle does not apply to an equitable paramount title as well as to a legal one. In *Croghan v. Minor, supra,* the court said: "It is manifest that those claiming either legal or equitable estates adversely to that of the mortgagor are not proper parties to such a pro-ceeding."

There is no ground for making this case an exception to the rule.   If the law permitted it, any other kind of an adverse and paramount claim could be litigated in a foreclosure suit, as well as the one sought to be litigated in the case at bar; and if the law be violated in one case, exceptions would soon so

darken the definitely established rule as to throw the whole matter into doubt and confusion. "Such titles must be settled in a different action." (*Ord v. Bartlett, supra.*) It appears, incidentally, that appellant has already commenced such an action; and in that action her rights can be fully protected and enforced.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.