[Sac. No. 471.   Department Two.—April 12, 1899.]

R. RAMSBOTTOM, Respondent, v. C. K. BAILEY et al., Defendants. I. W. GOODWIN, Appellant.

PARTNERSHIP—INDIVIDUAL MORTGAGE BY SURVIVING PARTNER—FORECLOSURE—RIGHTS OF JUDGMENT CREDITOR.—In an action to foreclose a mortgage made by a surviving partner on the partnership real estate, to secure his individual indebtedness, only the personal interest of the surviving partner in the mortgaged property is involved, and the extent of his interest in the partnership property, after a settlement of the partnership, cannot be considered; and the right claimed by a judgment creditor of the partnership to show that the partnership interest may, upon an accounting, absorb the interest covered by the mortgage, is adverse to the mortgage, and cannot be litigated in the action.

ID.—PLEADING BY JUDGMENT CREDITOR—RES ADJUDICATA.—The fact that the judgment creditor was made a party to the foreclosure suit, and set up his judgment therein as against the mortgage, cannot preclude him from a future adjudication of his rights, when they are properly involved.

ID.—PARTIES TO FORECLOSURE—RECEIVER OF PARTNERSHIP.—In the foreclosure of such mortgage, the receiver of the partnership property is not a proper party defendant as representing the partnership.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion.

James A. Louttit, and W. W. Middlecoff, for Appellant.

Elliott & Elliott, and A. H. Carpenter, for Respondent.

PRINGLE, C.—Action to foreclose a mortgage dated March 5, 1894, made by Bailey to Ramsbottom, to secure promissory notes of mortgagor to mortgagee. Goodwin is made a party defendant as a subsequent encumbrancer. The complaint al-

leges that the mortgaged premises are the partnership property of the firm of Bailey & Carpenter; that Carpenter was dead at the time of the execution of note and mortgage; that Bailey contracted the indebtedness and made the notes and mortgage in his capacity of surviving member of the firm. The answer of Goodwin alleges that the notes and mortgage were executed by Bailey individually and for his own use and benefit, and not as surviving partner. The answer then sets up a judgment recovered on the twenty-third day of May, 1895, in the superior court of San Joaquin county, in favor of Goodwin against Bailey individually and as surviving partner, whereby it was adjudged that the amount of the judgment be paid out of the partnership assets, and in which action there was filed with the clerk a copy of an order made by the court requiring Oscar F. Atwood, previously appointed receiver of the partnership, to be made a party to the action, with proof of service upon the receiver of a copy of the order and of a copy of the complaint, and a memorandum showing that the default of the receiver for not answering was entered. The court finds that the notes made by Bailey to the mortgagee were made individually, and not for the benefit of the partnership; that judgment was entered in favor of Goodwin in an action on a promissory note made by Bailey to Goodwin; that the judgment was rendered against Bailey personally and against him as surviving partner of Bailey & Carpenter, and that it was ordered by the judgment that the same should be paid out of the funds of the partnership; that no summons was ever served on the receiver, nor did he ever appear in the action; that the court had no jurisdiction to render any judgment except the money judgment against Bailey; that the claim of Goodwin is subsequent and subordinate to the claim of plaintiff as mortgagee. Goodwin appeals from the judgment and from the order denying motion for new trial.

Upon this record several questions arise. 1. What does the mortgagee get? Where a surviving partner makes a mortgage upon the partnership property to secure his individual debt, the extent of the interest covered by the mortgage is uncertain, but the mortgagee is entitled to foreclose the mortgage and acquire under foreclosure all the interest of the mortgagor, whatever

it may be, in the property mortgaged. Two other questions were involved as presented at the trial in the court below: 1. If a judgment creditor, who is made a party defendant, sets up as against such a mortgage a judgment adjudging that his debt is a partnership debt, and should be paid out of the partnership funds, is such a judgment evidence against the mortgagee of the character of the indebtedness, or only of the fact of the indebtedness? 2. Can the mortgagee attack the judgment collaterally? These questions were considered by the court below. The court held that the judgment was void as against the receiver, and that it determined nothing but the existence of the debt; and, as the money judgment was subsequent in time to the mortgage, it was held to be subordinate to it. We are invited in this appeal to review the action of the court below in declaring that in this judgment the court had not acquired jurisdiction to determine the character of the debt which it established. But that matter is immaterial. For it cannot be litigated in this action. To allege that the judgment debt is a partnership debt payable out of the partnership property, and therefore entitled to precedence over the mortgage given for the individual debt of the mortgagor, is to present a title adverse to the mortgage, and such title cannot be adjudicated in this action. The "mortgaged premises" means the interest of the mortgagor in these lands. The attempt of the defendant is not to contest or to claim priority over the mortgage made upon this interest of the mortgagor; but it is to assert a lien claimed to be superior to the lien of the mortgage because it attaches to a title adverse to the mortgagor's. It does not deny that the mortgage is prior in point of time as a lien upon the interest of the mortgagor in these lands; but it avers that these lands belong not to the mortgagor, but to the partnership, and that the judgment is a superior claim against the partnership. The position may be tested by supposing that the receiver, as representing the partnership, had been made a party defendant. He was not a proper party defendant, because the complaint admitted that the lands were partnership property, and the findings determined that the mortgagee's debt was not a partnership debt, hence there was no necessity for his presence. But, if he had been made a party defendant, he could have inter-

posed no defense to the mortgage. The foreclosure would not have affected him. It would merely have the effect of transferring the interest of mortgagor to mortgagee—a transfer with which he was not concerned. And the judgment creditor who claims a lien upon the partnership interest has manifestly no better position to resist the foreclosure than the partnership or its representative. As against the judgment creditor, the effect of the foreclosure will be simply to transfer the title of mortgagor to mortgagee, as of a date long prior to the rendering of the judgment. This is all that the court could properly determine in this action. This is not the occasion to determine the extent of the mortgagor's interest in the partnership property. "All the title the mortgagee can obtain by a foreclosure is the title of the mortgagor." When he acquires that title the judgment creditor may contest with him the extent of the title he has acquired. Then new questions must arise to which these are not the only necessary parties. A partnership accounting, in which the receiver and other creditors must be represented, will be necessary to establish the extent of the mortgagor's interest. It may be that the firm is indebted to one partner or the other to such a degree as to affect materially the apparent title of the mortgagor in the lands mortgaged. This is a possibility tending to show the reason of the rule that titles or claims adverse to the mortgagor cannot be litigated in a foreclosure suit. This case, from its double aspect, bears strong analogy to the case of *San Francisco v. Lawton,* 18 Cal. 465; 79 Am. Dec. 187. In that case parties defendant held a title derived from the mortgagor subsequent to the mortgage, which was held to be barred by the foreclosure, but they held also titles adverse to the mortgagor, which it was held could not be affected by the foreclosure. In the present case the judgment against Bailey, the mortgagor, bears date long subsequent to the mortgage, and, so far as it is a lien upon the interest of the mortgagor in the lands mortgaged, it is properly held to be subordinate to the rights of the plaintiff as mortgagee. But the right which the judgment creditor claims—the right to show that the partnership interest may, upon an accounting, absorb the interest covered by this mortgage, and that he has a lien

upon such partnership interest—is a claim which cannot be litigated in this action.

The fact that it was set up in the answer need not preclude the defendant from an adjudication hereafter.

In *San Francisco v. Lawton, supra,* the case was reversed because the adverse rights of the defendants were not saved in the decree. But in the present case the decree may be modified, in accordance with the practice suggested in *Ord v. Bartlett,* 83 Cal. 428, by providing that the decree is without prejudice to the adverse claim of the defendant Goodwin. Under a correct interpretation of this decree such a saving clause is perhaps not necessary; for by the decree the defendants are barred and foreclosed only of and from all equity of redemption of said "mortgaged premises," which means only the interest of the mortgagor in the property. But the practice suggested will prevent further controversy and define accurately the right reserved.

I advise that the decree be modified by inserting the clause "without prejudice to the right of the defendant Goodwin to assert in some other action or proceeding the claim that his judgment was rendered for a partnership debt of Bailey and Carpenter, and is, by reason thereof, a lien upon the lands described in plaintiff's mortgage superior to the lien of the said mortgage," and that as so modified the judgment be affirmed, and that the order denying motion for new trial be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified as stated in the opinion.

Temple, J., Henshaw, J., McFarland, J.