[No. 9046.  In Bank. — December 30, 1885.]

68  321
96  387

S. H. HARMON ET AL., RESPONDENTS, *v.* G. S. ASHMEAD ET AL.    J. R. KELLY ET AL., APPELLANTS.

MECHANIC'S LIEN — FORECLOSURE — PRIORITY OF LIENS — MORTGAGE — PLEADINGS — BURDEN OF PROOF. — The action was brought to foreclose certain liens respectively claimed by the plaintiffs for materials furnished to and used by the defendant Ashmead in the construction of a certian building owned by him. The complaint alleged that the other defendants, who alone answered, had a mortgage on the building and the land on which it was situated, and that such mortgage was subordinate and subject to the liens of the plaintiffs. The defendants denied this latter allegation, but introduced no evidence showing the priority of their mortgage. *Held,* that the burden of showing such priority was on the defendants, and that the court was justified in finding that their lien was subordinate and subject to those of the plaintiffs.

ID. — COMPLETION OF BUILDING — STATEMENT IN LIEN. — A claim of lien for materials furnished and used in the construction of a building, or for

labor performed thereon, need not state that the building has been completed.

ID. — NAME OF OWNER — SUFFICIENCY OF STATEMENT. — The liens in question stated that J. R. Kelly, J. C. Reis, and A. C. Corbett were the names of the owners who held the legal title to the premises, and that G. S. Ashmead was in possession, and was the name of the reputed owner who had the equitable title. *Held,* that the name of the owner was sufficiently stated.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion of the court. The opinion on a former appeal is reported in 60 Cal. 439.

*Cowdery & McCutchen,* and *W. H. Fifield,* for Appellants.

The findings that the lien of the defendants was subordinate to those of the plaintiffs was insufficient, and not sustained by the evidence. (*Hidden* v. *Jordan,* 28 Cal. 301; *Jones* v. *Block,* 30 Cal. 228; *Landers* v. *Bolton,* 26 Cal. 393; *Root* v. *Bryant,* 57 Cal. 48; *Williams* v. *Santa Clara Min. Co.,* 66 Cal. 193.) The name of the owner was not correctly stated in the lien. (*Goss* v. *Strelitz,* 54 Cal. 643; *Frazer* v. *Barlow,* 63 Cal. 71; *Hicks* v. *Murray,* 43 Cal. 515; *Phelps* v. *M. C. G. M. Co.,* 49 Cal. 339.)

*E. S. Pillsbury,* for Respondents.

Neither the pleadings nor the evidence were sufficient to enable the defendants to assert a prior lien. (*Poett* v. *Stearns,* 28 Cal. 226; *Anthony* v. *Nye,* 30 Cal. 401; *Himmelmann* v. *Spanagel,* 39 Cal. 389.) The plaintiffs' claims of liens were sufficient. (*Blackman* v. *Marsicano,* 61 Cal. 638; *Germania B. & L. Ass.* v. *Wagner,* 61 Cal. 349; *Hills* v. *Ohlig,* 63 Cal. 104; *McIntyre* v. *Trautner,* 63 Cal. 429; *Barilari* v. *Ferrea,* 59 Cal. 1.)

SHARPSTEIN, J.—The denial in the answer of the allegation in the complaint, that the interests or claims of

the defendants answering were subordinate and subject to the liens of the plaintiffs, did not cast on them the burden of proving that allegation. If the defendants in their answer to that allegation had stated facts which showed that their claim was not subordinate or subject to the liens of the plaintiffs, they would have had the affirmative of the issue. And it was their "business when thus called upon to disclose" the nature of their claim. (*Anthony* v. *Nye*, 30 Cal. 401.) By not doing so, they certainly occupy no better position than they would if they had done so.

Conceding that the denial of the defendants raised an issue, we think it was one of which they had the affirmative, and as they introduced no evidence to support it, the court was justified in finding that their lien was subordinate and subject to the plaintiffs'.

It is stated in the liens and alleged in the complaint that the defendant Ashmead agreed to pay for the materials furnished by plaintiffs upon the completion of the building. And it is further alleged in the complaint that, at the date of the commencement of this action, the building had not been completed; and that said defendant did not intend to complete it; and that he had notified plaintiffs to that effect. Thereupon the sum which said defendant had agreed to pay for said materials doubtless became due. It is unnecessary to state in a lien that a building in the construction of which materials have been furnished and labor performed, has been completed. But the liens filed in this case did so state. That was doubtless done for the purpose of showing that the sum which the owner had agreed to pay for said materials had become due. The sum had become due, but not for that reason. There was a misstatement, but not of a material fact. In either event, the sum claimed to be due was due. And that was the material fact. Whether due for the reason stated in the lien or for the one stated in the complaint, the rights of

the parties would be the same. The law was sufficiently complied with, and nothing more should be required.

We think the name of the owner of the premises is stated in the liens as fully as the law required it to be.

In other respects we think the liens filed were substantially in conformity with the statute.

Judgment and order affirmed.

McKEE, J., THORNTON, J., and MYRICK, J., concurred.

Rehearing denied.