[No. 9813. Department One. — December 18, 1886.]

ELIZABETH McCOMB, Appellant, v. JOHN C. SPANGLER et al., Respondents.

Mortgage—Foreclosure—Proper Parties Defendant—Title Paramount to Mortgagor cannot be Tried. — In an action to foreclose a mortgage, a person who sets up a claim to the land adverse and paramount to that of the mortgagor, and who therefore denies the efficacy of the mortgage as a lien on his own title, cannot properly be joined as a co-defendant. If he is joined, such adverse claim cannot be tried in the action; and a decree of foreclosure rendered therein will not affect his rights of priority.

Id.—Proper Parties Defendant.—In such an action, so far as mere legal rights are concerned, the only proper parties are the mortgagor and the mortgagee, and those who have acquired rights under them subsequent to the mortgage.

Id. — Mortgage of Community Property by Wife — Foreclosure of — Recital in Judgment — Estoppel. — A mortgage was executed by a married woman on land which had been conveyed to her during coverture for a pecuniary consideration. Her husband did not join in the execution of the mortgage. An action of foreclosure was subsequently brought against the mortgagor and her husband, in which each made default, and a judgment of foreclosure was rendered against them. The judgment recited "that the defendants, and all persons claiming by, from, or under either of them, be forever barred and foreclosed of and from all equity of redemption, and claim of, in, and to the mortgaged premises." *Held,* that the husband was not estopped from afterwards asserting that the mortgaged premises were community property.

Id. — Separation of Husband and Wife at Time of Mortgage — Separate Property of Wife. — *Held further,* that the fact that at the time the mortgage was executed the mortgagor and her husband were living separate and apart from each other did not of itself show the land to have been her separate property.

Deed to Wife — Recital as to Separate Property — Presumption. — Where a deed of land, purporting to be for a valuable consideration, but which is silent as to the source of the consideration, is made to a married woman, a recital therein that the conveyance is "for her separate estate, and her sole and separate use, benefit, and behoof," does not indisputably establish a separate property in the grantee.

Appeal from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The action was brought to recover the possession of certain lands situated in Alameda County. The land in controversy was, on the 14th of March, 1872, owned by one John W. Brumagim, who on that day conveyed it by a deed of trust to E. W. Burr, and B. D. Dean, as security for money borrowed by him from the Savings and Loan Society. On the 2d of July, 1878, Brumagim conveyed the land, subject to the deed of trust, by a grant, bargain, and sale deed to one Elizabeth McComb (not the plaintiff), the wife of John McComb. The deed was made for a money consideration, and the *habendum* clause thereof recited that the grantee should hold the premises "for her separate estate, and her sole and separate use, benefit, and behoof." On the 19th of July, 1878, the trustees, Burr and Dean, reconveyed the property to Elizabeth McComb. On the 12th of October,

1878, Elizabeth McComb mortgaged the property to one Margaret Chalmers. On the 20th of April, 1882, Charles W. Reid, as administrator of the estate of Margaret Chalmers, brought an action to foreclose the mortgage, against Elizabeth McComb and John McComb. Summons was served on each of them. The defendants made default, and such proceedings were thereafter had that a judgment of foreclosure was rendered against them, under which the premises were sold, and a sheriff's deed executed to the administrator on the 10th of February, 1883. The defendants claim title under this deed. The complaint in the action alleged that at the time the mortgage was executed, Elizabeth McComb and John McComb were living separate and apart from each other. On the 10th of March, 1883, Elizabeth McComb and John McComb conveyed the premises to one William G. Hamilton, under whom the plaintiff claims. The further facts are stated in the opinion of the court.

*Chapman & Slack,* for Appellant.

Upon the conveyance of the land to Elizabeth McComb, the same became community property. (Civ. Code, secs. 162, 164, 687; *Smith* v. *Smith,* 12 Cal. 216; S. C., 73 Am. Dec. 533; *Meyer* v. *Kinzer,* 12 Cal. 247; S. C., 73 Am. Dec. 538; *Mott* v. *Smith,* 16 Cal. 533; *Ramsdell* v. *Fuller,* 28 Cal. 37; S. C., 87 Am. Dec. 103; *Moore* v. *Jones,* 63 Cal. 12; *Pixley* v. *Huggins,* 15 Cal. 127; *McDonald* v. *Badger,* 23 Cal. 393; S. C., 83 Am. Dec. 123.) The action to foreclose the mortgage, executed by the wife alone, did not estop the husband from afterwards asserting title to the land as community property. (Pomeroy's Eq. Jur., sec. 1228; Jones on Mortgages, sec. 1589; Code Civ. Proc., secs. 726, 727, 729; *McMillan* v. *Richards,* 9 Cal. 412; *San Francisco* v. *Lawton,* 18 Cal. 473; *San Francisco* v. *Lawton,* 21 Cal. 589; *Boggs* v. *Hargrave,* 16 Cal. 559; *Leviston* v. *Swan,* 33 Cal. 480; *Burton* v. *Lies,* 21 Cal. 87; *B. & W.* v. *San Jose,* 24 Cal. 592;

*Merchants' Bank* v. *Thomson*, 55 N. Y. 11; *Wade* v. *Miller*, 32 N. J. L. 301; *Coe* v. *N. J. M. R'y*, 31 N. J. Eq. 105; *Gage* v. *Perry*, 93 Ill. 177; *Shellenbarger* v. *Biser*, 5 Neb. 195; Pomeroy's Remedies, secs. 334, 341, 345; *Croghan* v. *Minor*, 53 Cal. 15; *Marlow* v. *Barlew*, 53 Cal. 460; *Gray* v. *Dougherty*, 25 Cal. 277; *Thompson* v. *McKay*, 41 Cal. 227; *Belcher Con. etc. Co.* v. *Deferrari*, 62 Cal. 162; *Fulton* v. *Hanlow*, 20 Cal. 450; *Le Roy* v. *Rodgers*, 30 Cal. 230.) The portion of the decree which purports to bar the husband, and all persons claiming under him, from all claims in the land, does not operate against the plaintiff: 1. Because the husband was properly made a party under section 370 of the Code of Civil Procedure; and 2. Because any rights of the husband in the land not subject to the mortgage would be unaffected by the decree. (*Lewis* v. *Smith*, 9 N. Y. 502; *Merchants' Bank* v. *Thomson*, 55 N. Y. 11; *Wade* v. *Miller*, 32 N. J. L. 301; *Moomey* v. *Maas*, 22 Iowa, 380; S. C., 92 Am. Dec. 395.)

*James C. Plunkett*, for Respondents.

The presumption that property conveyed to a married woman belongs to the community is disputable (Code Civ. Proc., sec. 1961; *Moore* v. *Jones*, 63 Cal. 12); and was overcome in this case by the recital in the deed to Elizabeth McComb that the conveyance was made for her separate estate. (*Swain* v. *Duane*, 48 Cal. 359; *Moore* v. *Jones*, 63 Cal. 12.)

McKINSTRY, J.—The plaintiff deraigned title through mesne conveyances from John McComb and Elizabeth, his wife; the defendant, through purchase at a sale under a decree foreclosing a mortgage executed by Elizabeth McComb, the wife. The mortgage was executed prior to the deed, by John McComb and wife, under which plaintiff claims.

The principal question to be considered on this appeal—and the question on which, apparently, the decis-

ion turned in the court below—is, whether the plaintiff is estopped from asserting herein that the demanded premises were community property of John McComb and his wife Elizabeth when the mortgage was executed by *her*, which was foreclosed in the action of Reid, administrator, etc., against Elizabeth McComb and John McComb.

The complaint in that action contained no averment either that the defendant, John McComb, had or asserted any claim adverse to the title of the mortgagor, or that any claim he had was subject or subordinate to the lien of the plaintiff's mortgage. It alleged him to be the husband of Elizabeth, and that she mortgaged property which was her separate property. But he was not called on to take issue on either of these averments. He could not, to any purpose, assert his adverse legal title in that action, since its validity could not properly be determined therein; and he was not required, for the protection of his rights, to make an issue which the court of equity would have refused to try in the suit for forclosure. Nor could he say, as against the mortgagee, that the mortgage did not operate as a lien on her estate, if she had any. The question whether she had any interest or estate, as between herself and the mortgagee, or whether she could or could not deny, as against the mortgagee, an interest or estate, was one with which John McComb personally had no concern, inasmuch as his paramount title would not be affected by the decree.

The husband has the management and control of the community property, with the like absolute power of disposition (other than testamentary) as he has of his separate estate. (Civ. Code, sec. 170.) The community title, if it exists, is adverse and paramount to the asserted or pretended claim of separate property in the wife. For convenience, and we think accurately, the community title may be designated as his title, since the estate of the wife in any portion of the community

property is but contingent; an estate which never be-
comes absolute until she ceases to be wife by reason of
the dissolution of the marriage.

The default of the defendant, John McComb, did not
admit any fact on which could be based a judgment or
decree adjudicating the invalidity of the community
title.

In an action to foreclose a mortgage, a person who sets
up a claim to the land adverse and paramount to that of
the mortgagor, and who therefore denies the efficacy of
the mortgage as a lien on his own title, cannot properly
be joined as a co-defendant. Such an adverse claim to
the land in opposition to the mortgage cannot be tried
in the equitable action to foreclose. So far as the mere
legal rights are concerned in such an action, the only
proper parties are the mortgagor and mortgagee, and
those who have acquired rights under them subsequent
to the mortgage. The mortgagee, or holder of the mort-
gage, cannot make one who claims prior and adversely
to the title of the mortgagor a defendant for the purpose
of trying his adverse claim. (Pomeroy's Remedies, sec.
334.)

The object of a suit to foreclose a mortgage, under our
law, is to obtain the sale of the estate which the mort-
gagor held at the time he executed the mortgage. All
persons beneficially interested in the estate mortgaged
are proper parties to the suit. Titles adverse to that of
the mortgagor are not the proper subject of determina-
tion in the suit. Such titles must be settled in a differ-
ent action, giving rise, as they generally do, to questions
of purely legal cognizance. (*San Francisco* v. *Lawton,* 18
Cal. 474.) "Where a party has a right under the mort-
gage, and also a right prior to it, he is not precluded in
respect to the prior right by a judgment of foreclosure,
though the terms of it are broad enough to cover both
rights. Only the rights and interests under the mort-
gage and subsequent to it can properly be litigated upon

a bill of foreclosure. One claiming adversely to the title of the mortgagor cannot be made a party to the suit for the purpose of trying his adverse claim. If he has a claim under the mortgage also, his claim prior to it cannot be divested by the decree. This prior claim is not a subject-matter of litigation in the foreclosure suit, and remains unaffected by it. The decree is final only within the proper scope of the suit, which is to bar interests in the equity of redemption." (Jones on Mortgages, sec. 1589; *Rathbone* v. *Hooney*, 58 N. Y. 463.)

The decree can have no effect upon the rights of persons having priority, *whether they are made parties to the action or not.* (Jones on Mortgages, 1439, and decisions cited.) In the exceptional cases where prior mortgagees are made parties, this is done, that the court may order a sale of the whole estate, and thus make a complete title in the purchaser. (Id.) In such cases, the complaint may be treated as in the nature of a bill to foreclose and to redeem from the prior mortgage. If the debt secured by the prior mortgage is past due, it would seem that the prior mortgagee may be compelled to accept the full amount of his claim from the proceeds of the sale of the mortgaged premises, without any interference with the obligation of his contract.

Moreover, the decree in Reid *v.* McComb does not purport to adjudicate any title of John adverse to that of Elizabeth McComb. Nor does the decree in terms adjudicate that the mortgage is a lien on the lands. The only clause which can be claimed to affect the right of John McComb is, "that the defendants, and all persons claiming by, from, or under either of them, . . . . be forever barred and foreclosed of and from all equity of redemption, and claim of, in, and to said mortgaged premises," etc. It may be conceded (although the complaint did not aver that he had any claim subject to the mortgage) that the defendant, John McComb, would have been barred of his equity of re-

demption if he ever had had any.   But it would be giving a meaning to the expression " mortgaged premises" which the scope and purpose of the action, and of the judgment taken as a whole, do not contemplate, to say that the decree by its terms bars John McComb of and from any claim based on a title adverse and paramount to that of the mortgagor.   That which was mortgaged was the estate of the mortgagor; and as the purpose of the action was to secure the sale of that estate, and the foreclosure of all claims subsequently derived from the mortgagor, the portion of the decree which bars and forecloses all claims of, in, or to the " mortgaged premises," refers to the subject of the instrument of mortgage, to wit, the interest of the mortgagor.   It bars any claim in or to the estate mortgaged.

It is insisted that John McComb was a proper party to the foreclosure suit under section 370 of the Code of Civil Procedure.   But although he was a proper and necessary party under that section, he was such only because his wife was a party, and for the purpose of aiding in the protection of her rights.   It was his duty, *as husband*, to prove on her behalf that the mortgage was never executed, or that the debt to secure which it was given had been paid, or to establish any other fact which would constitute a defense for her.   In face of the default, we must assume that *she* had no defense to the suit.   He was a party, made such by virtue of the provision of the code, that he should have notice of the suit against her, with an opportunity to make a defense on her behalf.   He would have the right to make such defense in her name if the law did not require him to be made a defendant for that purpose.   Sued simply in his capacity of husband, and for the purpose referred to, he could not be compelled, in that suit, to litigate the independent legal title of the community.

It is suggested by respondent that if the judgment in Reid *v.* McComb fails to establish that the demanded

premises were the separate property of Elizabeth Mc-
Comb, such separate property was hers, because she and
her husband were living separate and apart when she
made her note and the mortgage to secure its payment.
We find no evidence of the fact in the record; but, had
it been proved, it would not of itself have shown sep-
arate property in the wife. " The earnings and accumu-
lations " of the wife, living separate from her husband,
are her separate property.   (Civ. Code, sec. 169.)

It is contended by respondent that we must hold the
title to have been in Elizabeth McComb as her separate
property when she executed the mortgage, for the rea-
son that the deed from John W. Brumagim, in which
she is named as grantee, contains the *habendum* clause:
"To have and to hold all and singular the said premises,
together with the appurtenances, unto the said party of
the second part, her heirs and assigns forever, *for her
separate estate,* and her sole and separate use, benefit,
and behoof."

All the cases hold, the deed being silent as to the
source of the consideration, that when property is con-
veyed for a valuable consideration to either spouse, the
presumption is that it belongs to the community.

The claim of respondent is, that by reason of the
clause in the deed above quoted, not only was the pre-
sumption of community property overcome, and a pre-
sumption created that the property was hers separately,
but that the clause established indisputably a separate
property in her.

Even if it should be conceded to the respondent (con-
ceded for the purposes of this decision only) that the
legal title was acquired—by the community or by Eliza-
beth, as the case may be—through the deed from Bruma-
gim, and not through the deed from the trustees, to
whom Brumagim had conveyed it; and if it should fur-
ther be conceded that the clause in the deed from Bruma-
gim, whereby, it would seem, the grantor attempted

to limit the estate conveyed to the separate use of the wife, is the equivalent of a recital that the consideration money was paid out of funds which were the separate property of the wife (*Morrison* v. *Wilson*, 13 Cal. 500),— the clause in the deed, giving to it the very greatest effect which can be claimed for it, only created a separate estate in Elizabeth McComb, *prima facie.* In *Peck* v. *Brumagim,* 31 Cal. 448, it is said: "The question presents the same features as it would if it arose between husband and wife, and related to a deed that recited that the purchase-money was paid out of the separate estate of the husband or of the wife, and must receive the same solution. Neither the husband nor the wife is estopped from showing against the other the true nature of the consideration of the deed, or from whom it proceeded. Between them, or between one of them and the heirs of the other, no question of notice can arise."

In *Ramsdell* v. *Fuller,* 28 Cal. 38, it was decided that parties purchasing of the husband real estate deeded to the wife for a money consideration, during coverture, do so at their peril. The record of the deed to the wife is notice to all the world that the land *may be* the separate property of the wife, and is sufficient to put purchasers on inquiry. And this notwithstanding the presumption that the land is community property. By parity of reason, parties purchasing from the wife real estate deeded to her for a money consideration do so at their peril, notwithstanding the presumption arising from a clause like that in the deed from Brumagim, that the land is her separate property,—if, indeed, the clause creates any such presumption,—since they take with notice that the land may be community property.

At the very most, then, the clause in the Brumagim deed established *prima facie* only a separate estate in the wife, and the court below erred in refusing to permit the plaintiff to prove that the land was paid for out of community funds.

Whether the clause in the deed from Brumagim was *any* evidence of separate property in the wife is a question which the exigencies of the present case do not demand of us to decide.

We remark, however, that what was said in *Morrison* v. *Wilson, supra,* with respect to the effect of a recital in a deed that the consideration was paid by a third party for the exclusive benefit of the wife, was *dictum.* (See opinion on rehearing in the same case.) In *Peck* v. *Brumagim, supra,* the deed contained no such recital. It may be that the consent of the husband to a deed containing a clause like that from Brumagim, indicated by his knowledge of it and his failure to object to it when it was made, is some evidence of an intended *gift* by the husband to the wife of the community funds paid for the conveyance. But whatever its effect, if any, the clause in the deed, disconnected from other evidence, cannot be *more* than evidence *prima facie* that the land conveyed became the separate property of the wife, and it was clearly error to sustain an objection to evidence offered to prove "the true nature of the consideration," and that it proceeded from the community.

Judgment and order reversed, and cause remanded for a new trial.

MYRICK, J., and THORNTON, J., concurred.