[No. 12419. Department Two. — March 12, 1890.]

## ANNE E. ORD, RESPONDENT, v. S. A. BARTLETT, ADMINISTRATOR, ETC., ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — ADVERSE TITLE — PRACTICE — DISMISSAL — RESERVATION IN DECREE. — An adverse title to the mortgaged premises held by parties claiming by conveyance prior to the mortgage, or by title paramount to the title of the mortgagor, is not the proper subject for determination in a suit for foreclosure. The court may refuse to pass upon such title, and the proper course would be to dismiss the action as to the adverse claimant, or to specify in the decree that it is made without prejudice to his adverse rights.

ID. — APPEAL — ERROR WITHOUT PREJUDICE — MODIFICATION OF JUDGMENT. — It is not prejudicial error requiring the reversal of the judgment to sustain a demurrer to an answer in an action of foreclosure setting up an adverse title, by conveyance from the mortgagor, and alleging that it is superior to the lien of the mortgage, although the claimants were made

parties defendant, and the complaint alleged that their interests were subject and subsequent to the lien of the mortgage; but if the decree failed to dismiss the action as to such claimants, or expressly to reserve their rights, it will be modified upon appeal so as to make such reservation.

ID. — PAYMENT OF MORTGAGE — PLEADING OF ADVERSE CLAIMANT — EVIDENCE. — It is a matter of no concern to one who claims under an adverse title paramount to the mortgage whether the mortgage note has been paid or not, and he cannot, upon appeal, assign error in the admission of evidence relating to an issue tendered by his answer as to payment of the mortgage.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. S. Kittredge,* for Appellants.

*L. N. Goldsby,* for Respondent.

BELCHER, C. C. — On the twenty-fourth day of January, 1877, William M. Ord executed to the plaintiff (then Mrs. Anne E. Williams) his promissory note for seven hundred dollars, and a mortgage to secure payment of the same. Subsequently the plaintiff became the wife of Ord, and there was born to them a child named Anne Victoria Ord. On the 26th of April, 1882, Ord died intestate, leaving him surviving the plaintiff, his widow, and the child, Anne Victoria, as his only heirs at law. Administration on the estate of the decedent was taken out, and S. A. Bartlett was duly appointed the administrator thereof.

The plaintiff commenced this action to foreclose her mortgage, making Bartlett, as administrator of the estate, and other parties, defendants. As to the defendants other than Bartlett, the complaint alleged that they had, or claimed to have, some interest in or claim upon the mortgaged premises, which interests or claims were subsequent and subject to the lien of the plaintiff's mortgage.

Bartlett allowed a default to be entered against him. The other defendants answered, and, among other things, denied that their interest in or claim upon the mortgaged premises was subsequent or subject to the lien of the mortgage. They then, "for a separate answer and defense," alleged that, under a deed executed by the decedent, Ord, in April, 1873,—of which deed the plaintiff had full notice when she took her mortgage,—they became the owners, and "have continuously been and are now seised and the owners of all the right, title, interest, and estate of said grantor in and to the whole of said premises; that the said claim, interest, and estate of these defendants, and each of them, is and always has been prior to and superior to the lien, or any lien, of said mortgage, and is not and never was subsequent to or subject to the same."

.To this last defense a general demurrer was interposed and sustained. The case was then tried, and judgment was rendered foreclosing the mortgage as against all of the defendants.

A motion for new trial was made and denied, and the appeal is from the judgment and order.

The principal question presented for decision relates to the action of the court in sustaining the demurrer. It is claimed that the ruling in this respect was erroneous, because, if the averments were true, the appellants "should have been allowed to show it, for that would have dismissed the action as to them."

It is well settled that adverse titles to the mortgaged premises, held by parties claiming by conveyance from the mortgagor prior to the mortgage, are not the proper subjects of determination in a suit for foreclosure. Such titles must be settled in a different action, giving rise, as they generally do, to questions of purely legal cognizance. (*San Francisco* v. *Lawton,* 18 Cal. 474; 79 Am. Dec. 187.)

If one who sets up a claim to the land, adverse and

paramount to that of the mortgagor, is made a co-defendant in an action to foreclose a mortgage, his adverse claim cannot properly be tried, and he may refuse to appear and put it in issue, or if he does appear and put it in issue, the court may refuse to pass upon it. In either event, the decree rendered will in no way affect his rights of priority. (*McComb* v. *Spangler*, 71 Cal. 418; *Johnston* v. *S. F. Savings Union*, 75 Cal. 135.) In such a case, the proper course undoubtedly would be to dismiss the action as to the adverse claimant, or to specify in the decree that it is made without prejudice to his adverse rights.

Here the appellants' rights under the deed set up in their answer were not tried or determined, and they cannot, therefore, be impaired or affected by the decree. This being so, appellants suffered no injury by the ruling upon the demurrer, and they have nothing to complain of.

The other points made by appellants relate to the admission of evidence. They sought to prove that plaintiff's note had been paid in whole or in part. But they set up and claimed no interest in the property except the adverse interest before mentioned, and it was therefore a matter of no concern to them whether the note had been paid or not.

We find no error in the record prejudicial to the appellants, and therefore advise that the judgment and order be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 5th of April, 1890:—

BEATTY, C. J. — It is ordered that the petition for rehearing herein be and the same is hereby denied, but the judgment of the Department No. 2 herein is modified by the addition of the following: —

Provided, that nothing in this judgment or in the judgment appealed from shall be construed or held to prejudice or affect any rights of the appellants in or to the mortgaged premises derived from William M. Ord, the mortgagor and common grantor, prior to January 24, 1887, the date of plaintiff's note and mortgage, described in the complaint herein.

THORNTON, J., FOX., J., and McFARLAND, J., concurred.