[L. A. No. 2024. Department One.—August 10, 1908.]

## A. P. COLLINS, Respondent, v. C. R. GRAY, Appellant.

EASEMENT IN PIPE-LINE—PRESCRIPTIVE RIGHT—FINDINGS—EVIDENCE.— In an action to establish the plaintiff's prescriptive right to the use of a pipe-line extending through the defendant's land for the purpose of carrying a certain amount of water therein to the land of the plaintiff, it is held, upon a review of the evidence, that a finding in favor of the plaintiff was sustained.

ID.—FINDING OUTSIDE OF ISSUES IMMATERIAL.—In such an action, where the complaint alleges that the plaintiff is the owner of an undivided interest in the pipe-line, and the court finds to the contrary, a further finding, made outside of the issues, and not carried into the judgment, that the defendant had no property or right in the pipe except to use it for carrying water to irrigate his own land, is immaterial, and, even if not supported by the evidence, could not constitute error prejudicial to the defendant, and would not be binding upon him in any subsequent action.

ID.—FINDINGS AS TO ADVERSE USE.—A finding that the plaintiff had used the pipe-line adversely for five years, accompanied with a finding of all the facts necessary to constitute a title by prescription, is a good finding of an interest in the pipe-line to the extent of the adverse use, without the additional express finding of ownership.

ID.—CONSTRUCTION OF FINDINGS.—Findings are to be harmonized if possible, and with that end in view a statement therein that the plaintiff is not the owner of the pipe-line will be construed as a declaration that he had not received any legal title thereto by conveyance, and the finding as to the prescriptive right will be given full effect as a finding of title acquired in that manner.

ID.—DEED TO TRUSTEES AS SECURITY—OWNER MAY ACQUIRE EASEMENT BY ADVERSE USE.—The fact that an owner of land has made a conveyance thereof to trustees to secure an indebtedness would not prevent him, while still remaining in full possession and enjoyment of the property, from acquiring, by adverse use, an easement as an appurtenant to the land.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, *in pro. per.,* for Appellant.

Purington & Adair, for Respondent.

SHAW, J.—This is an appeal from an order denying the defendant's motion for a new trial. An appeal from the judgment was also taken and the judgment was affirmed by the district court of appeal for the second district. (*Collins v. Gray,* 3 Cal. App. 723, [86 Pac. 983].)

The object of the action was to establish the plaintiff's right to the use of a pipe-line extending through the defendant's land for the purpose of carrying water therein to the land of the plaintiff. It is contended upon this appeal that certain of the findings are not supported by sufficient evidence.

The complaint alleges that the plaintiff is the owner of a certain tract of land containing thirty acres, together with 6.2 inches of water, continuous flow, from the water system of the Riverside Highland Water Company, which entitles plaintiff to the use of that quantity of water for irrigating said land, in such manner, under such conditions and at such times as should be fixed by the rules of the company and the custom of the water users under that system, that by the customary method of distribution the water to which land under the system is entitled, is cumulated so that instead of using the flow continuously, each owner takes the water to which he is entitled at regular monthly intervals in turn for a fixed period, that the customary run of water for the plaintiff's premises was forty inches for four days in each month during the irrigating season, and that the premises had been irrigated in that manner from the said water system for the last ten years or

more. These allegations are all admitted by the pleadings, except that the defendant denies that the customary cumulated flow of water to plaintiff has been, or is, forty inches of water for four days, or any other number of days, each month, and avers that on the contrary on May 29, 1898, and for some time prior thereto, the customary flow of water to plaintiff through said pipe-line did not exceed fifteen inches of water for two days each month during the irrigating season, and that each year since that date the flow to said premises through said pipe-line has gradually increased. Under this state of the pleadings the fact of plaintiff's ownership of the right to receive forty inches of water for four days each month during the irrigating season, is admitted. The denial extends only to the fact that the plaintiff's land had not actually received that quantity of water or any quantity in excess of fifteen inches during the time stated, from and after May 29, 1898, and some time prior thereto. It admits that for the last ten years, or more, plaintiff has received some water through the pipe-line and that his land has been irrigated by that means.

The complaint further alleges that the plaintiff is the owner of an undivided two-ninths interest in the pipe-line across the defendant's land and that he and his grantors have used said pipe-line openly, notoriously, peaceably, exclusively, and uninterruptedly, under a claim of right and title thereto, and adversely to the defendant and the whole world, and with defendant's knowledge, for more than five years last past, for conveying water to plaintiff's land during each irrigating season for the time in each month that the water was, as before stated, apportioned to said land by the water company. These allegations are denied. The court in its findings states that the plaintiff was not the owner of an undivided two-ninths interest in the pipe-line, but the findings also declare that he has a claim and interest in the pipe-line for the purpose of conveying water thereto for irrigating said land and that he and his predecessors in interest have used said pipe-line openly, notoriously, peaceably, exclusively, and uninterruptedly, under a claim of right and title thereto, adversely to defendant and the whole world, and with defendant's knowledge and acquiescence, but without his consent or permission, for more than five years last past, for conveying water to plaintiff's land for such time each month as the water was apportioned

thereto as stated in the complaint. It is claimed that this finding is not sustained by the evidence.

It is conceded that the evidence sufficiently shows that the plaintiff and his grantors had been using the pipe-line to carry water to plaintiff's land for at least ten years prior to the beginning of the action and that this use had been adverse under such circumstances as to give plaintiff a prescriptive right to use the pipe for carrying some water to his land. The precise claim of defendant is that the evidence does not sustain the finding that his right extended to the carrying of forty inches for four days each month, but would only support a finding of some smaller quantity. It appears from the testimony of Mr. Wheeler, plaintiff's grantor, that he had been using the pipe-line to carry water to this land for irrigation, under claim of right, adversely to defendant, with his knowledge and against his will, from 1893 up to the time Wheeler sold the land to plaintiff a few days before the action was begun, a period of ten years. As to the quantity of water he said, "At the time I sold to Collins I had 62 shares of the capital stock of the Riverside Highland Water Company. I don't know how many inches of water that called for. That water has been used ten years by me." The admissions in the pleadings, in connection with the testimony of the secretary of the company, show that 62 shares of stock entitled the holder to a continuous flow of six and two tenths inches of water, that this water had been delivered in cumulated amounts for a fixed period each month and not in a continuous flow, and was equal to 186 inches for one day each month, or, by computation, forty and sixty-five-hundredth inches for four days each month. The testimony of Wheeler, therefore, appears to be that for ten years next before the action was begun, he had used that quantity of water on the land through the pipe in question. On his cross-examination it appeared that in 1893 the land did not need much water, that in 1894 he used more, and that at the time of the trial it *needed* more than it ever did. The evidence of the defendant tends to prove that Wheeler owned but thirty-one shares of the water stock prior to 1902, one year before the action was begun. From these facts he argues that, prior to 1902, Wheeler could not have used more than the equivalent of twenty inches for four days, or forty inches for two days, each month, and that the finding

of an adverse use of the pipe for more than five years to carry forty inches four days a month is unsupported. The evidence may appear somewhat uncertain and ambiguous on this precise point. But it appears that the pipe was of ample size to carry all the water required by those using it. It does not seem to have been a matter of any importance to defendant to see whether the plaintiff, while he was using it, carried forty inches therein or less than that quantity. Upon the trial the attention of the court and of the witnesses was not specifically called to the question of the exact quantity of water carried in the pipe-line by Wheeler during the period of adverse use. It is the province of the trial court to determine the meaning and effect of uncertain and ambiguous evidence, and to reconcile apparent contradictions and inconsistencies, if reasonably possible. Under the circumstances we think the evidence sufficiently supports the finding in question.

The findings state that the defendant had no property or right in the pipe except to use it for carrying water to irrigate his own land during the period for which he was entitled to receive the water. It is claimed that this finding is unsupported by the evidence. No issue of this character was tendered by the complaint. The answer alleged that defendant was the absolute owner of the part of the pipe-line extending through his own land. The material issue was not with regard to his ownership or the entire interest in the pipe-line, but with regard to his ownership of two-ninths interest therein which plaintiff claimed. As to this the court made a definite and precise finding. The additional finding that the defendant had no interest in the part of the line not claimed by the plaintiff was wholly immaterial, and even if erroneous it could not constitute error prejudicial to the defendant. (*Klockenbaum v. Pierson,* 22 Cal. 163; *Dougherty* v. *Coffin,* 69 Cal. 456, [10 Pac. 672]; *Sherman* v. *Sandell,* 106 Cal. 375, [39 Pac. 797].) The finding as to his lack of interest was not carried into the judgment, and being immaterial to the issues it would not be binding upon the defendant in any subsequent action. (*Fulton* v. *Hanlow,* 20 Cal. 483; *Lillis* v. *Emigrant D. Co.,* 95 Cal. 559, [30 Pac. 1108]; *Mitchell* v. *Insley,* 33 Kan. 657, [7 Pac. 201]; *Auld* v. *Smith,* 23 Kan. 69; *House* v. *Lockwood,* 137 N. Y. 268, [33 N. E. 595]; 23 Cyc. 1309; 1 Freeman on Judgments, sec. 271; 2 Black on Judgments, sec. 687.)

The finding that the plaintiff has used the property adversely for five years, accompanied, as it is, with a finding of all the facts necessary to constitute a title by prescription, is a good finding of an interest in the pipe-line to the extent of the adverse use, without the additional express finding of ownership. The findings are to be harmonized if possible and with that end in view we think the statement therein that the plaintiff is not the owner of the pipe-line is to be construed as a declaration that he had not received any legal title thereto by conveyance and that the finding as to the prescriptive right should be given full effect as a finding of title acquired in that manner.

It is further claimed that the plaintiff is not entitled to the benefit of the adverse use made by his predecessor, Wheeler. This claim is founded upon certain evidence showing that Wheeler, before this use began, had conveyed the premises to other persons in trust to secure a debt owing by him, and that this trust continued until the plaintiff, shortly before the suit was begun, purchased both Wheeler's interest and that of the trustees. There is no merit in this contention. It appears clearly that Wheeler, although he had conveyed the premises as security, still remained in full possession and use of the property without interference by the trustees, and that during all that time he owned the entire beneficial interest in the land. Under these circumstances his successor would be in privity with him and would be entitled to take his title to the pipe-line acquired by adverse use.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.