[L. A. No. 2437.   Department One.—November 29, 1909.]

## R. B. WARDLOW, Respondent, v. MARTHA T. MIDDLE-TON, Defendant and Respondent, and J. W. TUCKER et al., Defendants and Appellants.

MORTGAGE FORECLOSURE—ALLEGATION OF SUBORDINATE INTEREST OF DE-FENDANT—PARTIES.—In an action to foreclose a mortgage, an allegation that the defendants other than the mortgagor "had or claimed some interest in or claim to the mortgaged premises, but that the same was subsequent and subject to the plaintiff's mortgage," is sufficient to show that said defendants were proper parties.

ID.—ADMISSION OF ALLEGATION—EVIDENCE NOT ESSENTIAL—FINDINGS ON ARE SURPLUSAGE.—Such defendants, by failing to deny in their answer the allegation in regard to their own claims and interest, admit the same, and no evidence in support thereof need be offered by the plaintiff, and no findings thereon need be made, or if made in accordance with the allegation without evidence, could neither add to nor detract from the force of the admission. Such a finding, and an equivalent recital in the decree, are surplusage, and are not only not conclusive on the defendants, but are not competent evidence against them in any other action.

ID.—EFFECT OF ADMISSION—FORECLOSURE, JUDGMENT, AND SALE—INTER-ESTS SUBJECT TO MORTGAGE.—The effect of such admission, where the defendant does not present any prior claim by cross-complaint or otherwise, is that the foreclosure judgment and sale will bar all liens, rights, and interests acquired from the mortgagor after the execution of the mortgage, but will not bar rights or claims prior and superior to the mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Emmet H. Wilson, and G. C. DeGarmo, for Appellants.

R. Y. Williams, for Respondent.

SHAW, J.—This is an action to foreclose a mortgage against Martha T. Middleton, as the mortgagor, and J. W. and Carrie V. Tucker, as subsequent encumbrancers.

The complaint, as against the Tuckers, made the usual allegation that they had or claimed some interest in or claim to the mortgaged premises, but that the same was subsequent

and subject to the plaintiff's mortgage. The defendant Middleton made default. The other defendants, appellants here, filed a general demurrer to the complaint, which demurrer being overruled, they filed an answer denying, for want of information and belief, the allegation of non-payment of the mortgage debt, but not denying the aforesaid allegation in regard to their own claims and interests. There was a trial by the court, findings in favor of the plaintiff and judgment of foreclosure. The appeal is from the judgment, the evidence being presented by bill of exceptions.

The demurrer to the complaint was properly overruled. The allegation above mentioned has been held sufficient in an action to foreclose liens in numerous decisions. (*Poett* v. *Stearns*, 28 Cal. 228; *Himmelman* v. *Spanagel*, 39 Cal. 391; *Anthony* v. *Nye*, 30 Cal. 401; *Harmon* v. *Ashmead*, 68 Cal. 323, [9 Pac. 183]; *Sichler* v. *Look*, 93 Cal. 608, [29 Pac. 220].) It was sufficient to show that the said defendants were proper parties to the suit. No other objection is made to the sufficiency of the complaint.

The findings state that the interest of the two Tuckers in the property was acquired after the giving of the mortgage to the plaintiff. The decree also contains recitals which are the equivalent of findings, but which have no proper place in the decree, which repeat the statement that their interests in the premises were acquired after the giving of the plaintiff's mortgage. It is objected that his finding and recital is not sustained by any evidence. There is no evidence on the subject. None was necessary, the allegation of the complaint thereon being admitted by the pleadings. The finding could neither add to nor detract from its force. The effect of such an admission, where the party by cross-complaint or otherwise does not present any prior claim, is that the foreclosure judgment and sale will bar all liens, rights, and interests acquired from the mortgagor after the execution of the mortgage, but will not bar rights or claims prior and superior to the mortgage. (*McComb* v. *Spangler*, 71 Cal. 424, [12 Pac. 347]; *Ord* v. *Bartlett*, 83 Cal. 431, [23 Pac. 705]; *Sichler* v. *Look*, 93 Cal. 608, [29 Pac. 220].) The finding and recital, being outside the issues, are surplusage, and are not only not conclusive upon the appellants but are not competent evidence against them in any other action. (*Collins* v. *Gray*, 154 Cal. 135, [97 Pac.

142]; *Bank of Visalia* v. *Smith*, 146 Cal. 402, [81 Pac. 542].)
There is no merit in the appeal.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.