[L. A. No. 4949. Department Two.—May 14, 1919.]

## A. J. HARTFIELD, Appellant, v. CHARLES W. HOWARD et al., Respondents.

[1] ACTION FOR FORECLOSURE—PLEADING—DENIAL OF ALLEGATION OF ADVERSE CLAIM—ISSUE NOT RAISED.—In an action for the foreclosure of a mechanic's lien, the averment that the defendants claimed some interest or estate in the property but that said claims were subject and subservient to plaintiff's claim, was not material to plaintiff's cause of action and the denial of such an averment raised no issue.

[2] ID.—CLAIM OF ADVERSE AND SUPERIOR RIGHT—PRACTICE.—Where in an action for the foreclosure of a mechanic's lien the complaint alleged that the defendants claimed some interest or estate in the property but that said claims were subject and subservient to plaintiff's claim, and the answer admitted that the defendants had and claimed to have some interest in the property and alleged that such interest was prior and superior to that of plaintiff, the proper course of the trial court was to dismiss the defendants from the suit, or specify in the decree that the decree was made without prejudice to the adverse rights of the defendants.

[3] ID.—EVIDENCE—BURDEN OF PROOF—ERRONEOUS JUDGMENT.—In an action for the foreclosure of a mechanic's lien, where the complaint alleged that the defendants claimed some interest or estate in the property but that said claims were subject to and subservient to plaintiff's claim and the answer of certain defendants alleged their claim was prior and superior to that of plaintiff, the burden of proof was upon defendants to establish their prior claim, and where they introduced no evidence upon the subject of their interest or title, the portion of the judgment adjudicating plaintiff's lien to be subsequent to the interest of such defendants was erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

S. C. Schaefer and A. R. Holston for Appellant.

Milton K. Young and Byron Coleman for Respondents

WILBUR, J.—Judgment was rendered in favor of the plaintiff foreclosing his mechanic's lien. He appeals from

that portion of the decree adjudicating his lien to be subsequent to the interest of the defendant Title Guarantee & Trust Company. The complaint contained the allegation: "That all of the defendants claim to have some interest or estate in said property and parcel of land, but this plaintiff is informed and believes, and therefore alleges on information and belief, that said claims are subject to and subservient to plaintiff's claim." The defendants, Title Guarantee & Trust Company and Fidelity Savings & Loan Association, joined in an answer containing the following allegation: "Said defendants, Title Guarantee & Trust Company, and Fidelity Savings & Loan Association, admit that they have and claim to have some interest in the real property described in plaintiff's complaint, and allege that the interest of said defendants therein is prior and superior to that of said plaintiff." Findings were waived. No evidence was introduced upon the subject of the interest or title of the Title Guarantee & Trust Company in the premises. Appellant claims that, as the burden of proof was upon this defendant to establish its prior claim, the portion of the judgment appealed from is erroneous. This conclusion is sustained by the opinion in *Harmon* v. *Ashmead,* 68 Cal. 321, [9 Pac. 183], wherein, under similar circumstances, it was said: "Conceding that the denial of the defendant raised an issue, we think it was one of which they had the affirmative, and as they introduced no evidence to support it, the court was justified in finding that their lien was subordinate and subject to the plaintiff's." It was in that case conceded, for the purposes of the case, that the denial of the allegation that the claims of the defendants were subordinate to the plaintiff's lien raised a material issue. [1] That matter has since frequently been considered by this court and it has been held that the denial of such a general allegation does not raise an issue. *Beronio* v. *Ventura County Lumber Co.,* 129 Cal. 232, [79 Am. St. Rep. 118, 61 Pac. 958], was a suit to quiet title in which the defendant claimed that as the plaintiffs had been made parties defendant in a previous foreclosure suit, and the court had decreed in that action that their rights and interests in the mortgaged premises were subsequent to the mortgage, they were thereby estopped from asserting any claim therein adverse to the title derived by defendants by

the foreclosure sale. The court there said with reference to such a general averment in the complaint: "Such averment is not material to the plaintiff's cause of action, nor is it an issuable fact, and whether the court rendered judgment upon the default of the defendant, or upon an issue created by his denial of this averment, without setting forth the character of his interest, any prior interest held by him is not affected by such judgment." (Citing *Lewis* v. *Smith,* 9 N. Y. 502, [61 Am. Dec. 706]; *Frost* v. *Koon,* 30 N. Y. 428; *Smith* v. *Roberts,* 91 N. Y. 470; *Payne* v. *Grant,* 23 Hun, 134; *Elder* v. *Spinks,* 53 Cal. 293; *Sichler* v. *Look,* 93 Cal. 600, [29 Pac. 220].) In applying that principle to the case, it was further said: "It does not appear in the foreclosure suit that there was any adjudication upon the title of the plaintiff which is set forth in the complaint herein, or that their claim that their interest in the mortgaged premises is superior to 'that derived under the mortgage was submitted to that court for determination, or determined by it. The allegation in the complaint therein that they claimed an interest in the mortgaged premises, and that this claim was subsequent and subordinate to said mortgage, did not present this issue for determination. The averment that their claim was subordinate to the mortgage was but a legal conclusion, and the allegation of fact upon which that conclusion depended— that the claim was subsequent to the mortgage—negatived any claim that it was prior thereto. The answer of these defendants was but a denial of these allegations, and their admission that they had an interest in said premises as purchasers was not only consistent with the allegation of the complaint and the object of the foreclosure suit, but failed to present any issue upon a claim of title superior to that covered by the mortgage or upon the validity of such title. No facts were alleged, either in the complaint or in their answer, by which an issue upon their title or claim was presented to the court or made the subject for its determination, . . . and its finding and decree thereon that their claim and interest were subsequent and subordinate to said mortgage, is of no higher force than if made upon their default." Later, in an appeal from a decree of foreclosure, in the case of *Wardlow* v. *Middleton,* 156 Cal. 585, [105 Pac. 738], the court had under consideration the findings and judgment wherein

it was declared that the interest of the two Tuckers, defendants and appellants, was acquired after the giving of the mortgage to the plaintiff. The complaint contained the usual allegation in regard to the interest of the Tuckers being subsequent to the mortgage lien. They answered, denying the nonpayment of the mortgage, but not traversing the allegation that their interest was subsequent to the mortgage. The court disposed of the appellants' claims on appeal by saying: "It is objected that [t]his finding and recital is not sustained by any evidence. There is no evidence on the subject. None was necessary, the allegation of the complaint thereon being admitted by the pleadings. The finding could neither add to nor detract from its force. The effect of such an admission, where the party by cross-complaint or otherwise does not present any prior claim, is that the foreclosure judgment and sale will bar all liens, rights and interests acquired from the mortgagor after the execution of the mortgage, but will not bar rights or claims prior and superior to the mortgage. (*McComb* v. *Spangler,* 71 Cal. 424, [12 Pac. 347] ; *Ord* v. *Bartlett,* 83 Cal. 431, [23 Pac. 705] ; *Sichler* v. *Look,* 93 Cal. 608, [29 Pac. 220].) The finding and recital, being outside the issues, are surplusage, and are not only not conclusive upon the appellants but are not competent evidence against them in any other action. (*Collins* v. *Gray,* 154 Cal. 135, [97 Pac. 142] ; *Bank of Visalia* v. *Smith,* 146 Cal. 402, [81 Pac. 542].) '' **[2]** Where it appears from the answer of the defendants that they claim an interest prior and adverse to the plaintiff's lien, as it did in this case, the proper course for the trial court is indicated in *Beronio* v. *Ventura County Lumber Co., supra,* as follows: ''Whenever it is made to appear that the interest of a defendant is adverse or superior to that covered by the mortgage, the proper action of the court is to dismiss him from the suit. (*Ord* v. *Bartlett,* 83 Cal. 428, [23 Pac. 705] ; *Code* v. *Bean,* 93 Cal. 578, [29 Pac. 223] ; *Hoppe* v. *Fountain,* 104 Cal. 94, [37 Pac. 894].) '' Or the court could specify in its decree that it is made without prejudice to the adverse rights of the defendant. (*Ord* v. *Bartlett,* 83 Cal. 428, 431, 432, [23 Pac. 705].)

**[3]** A decree adjudicating the priority of defendant's lien or interest without evidence or pleading justifying such decree was erroneous.

It is stated in respondents' brief that the only interest of the Title Guarantee & Trust Company was as trustee in the trust deed securing the indebtedness due to the defendant Fidelity Savings & Loan Association, which lien was by the decree declared to be prior to plaintiff's claim, and from which adjudication no appeal was taken. It appears from the bill of exceptions that the defendants introduced in evidence a contract signed by appellant recognizing the prior existence of the trust deed, in favor of the defendant Fidelity Savings & Loan Association, and expressly agreeing that the claims of the lien claimants, including the lien of appellant, should be subject to and subordinate to the claim of the Fidelity Savings & Loan Association, but this agreement fails to disclose the name of the trustee in the trust deed. Strangely enough, appellant denies knowledge of the fact stated by respondents. We cannot, therefore, consider such statement in determining this appeal. For the same reason it is unnecessary to consider the argument of the respondent based upon the hypothesis that even if the Title Guarantee & Trust Company were the trustees in a trust deed securing the payment of money, such deed was nevertheless subordinate to respondents' lien. In order to correct the judgment so that there will be no adjudication upon the claim of the Title Guarantee & Trust Company, the court is directed to modify the judgment by striking out the fifth paragraph thereof and to insert in lieu thereof the following, to wit: "And it is further ordered, adjudged and decreed that the said claim of the plaintiff was at the time of the commencement of this action and this judgment and decree in that behalf were and are prior and superior to any right, title, interest, or estate of the defendants Charles W. Howard, Hunziker & Berger (a copartnership), E. P. Hunziker, E. C. A. Berger, Mary W. Crutsinger, Josephine Hunziker and W. W. Paden, and each of them, in or to said premises and the whole thereof, but that said claim of the plaintiff herein and this judgment and decree in that behalf was and is subsequent and subservient to the interest of the defendant Fidelity Savings & Loan Association (a corporation), which said last-named defendant's interests are superior to said claim of the plaintiff herein; provided that nothing in this judgment shall be construed or held to prejudice or affect the rights of the Title Guarantee & Trust Company accruing

prior to the date when the plaintiff's lien attached to the property.''

As so modified the judgment is affirmed.

Melvin, J., and Lennon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.