[Civ. No. 3958.    Second Appellate District, Division One.—September 2, 1922.]

FIDELITY SAVINGS & LOAN ASSOCIATION (a Corporation), Respondent, v. LIDA A. SCHAEFER, Appellant.

[1] QUIETING TITLE—DEED OF TRUST — MECHANIC'S LIEN — PRIORITY—EVIDENCE—EFFECT OF PRIOR DECISION.—In an action to quiet title wherein the plaintiff claimed under a trustee's deed made pursuant to the provisions of a deed of trust and the defendant claimed under a certificate of sale in a mechanic's lien foreclosure action, the admission in evidence of an agreement by the party through whom defendant claimed to make his lien subordinate to the plaintiff's rights was immaterial, where the supreme court in a prior action established the priority of the rights of the plaintiff under its trust deed as against any claims arising under the lien.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. C. Schaefer for Appellant.

Milton K. Young, Lyndol Young and William K. Young for Respondent.

CONREY, P. J.—This is an action to quiet title to two lots in the Wolfskill Orchard Tract, in Los Angeles County. The plaintiff's claim of title is derived from a trustee's sale and trustee's deed under the provisions of a trust deed made by one Howard, the former owner of the property. Appellant Lida A. Schaefer claims adversely to plaintiff under a certificate of sheriff's sale of the same real estate as the property of Howard; said sheriff's sale having been made under the purported authority of an order of sale issued out of the superior court in a mechanic's lien foreclosure action of one Hartfield, plaintiff, against Howard and others as defendants. In this action to quiet title, judgment was entered in favor of the plaintiff. The defendant, Lida A. Schaefer, appeals from this judgment.

The trust deed was made by Howard in June, 1915. The trustee's sale and conveyance to respondent were made on the fifteenth day of January, 1916. It is not denied that respondent thus obtained a clear title, except as it may have been subsequent and subject to the rights of Hartfield. In September, 1914, Howard had entered into a contract for the erection of a hotel building on these lots. In October, 1914, the contractor made a subcontract with Hartfield for the plumbing work of that building. On the twenty-third day of July, 1915, Hartfield commenced an action for the foreclosure of a lien claim held by him, arising out of that plumbing contract and the work done and materials furnished thereunder. In the year 1916, subsequent to the date of the trustee's deed to respondent, a decree of foreclosure was entered in the case of Hartfield against Howard et al. By that decree the court declared that Hartfield's lien was "subsequent and subservient to the interest of the defendant Fidelity Savings and Loan Association (a corporation), which said last-named defendant's interest is superior to the said claim of the plaintiff herein''; and also provided that the interest of the defendant Title Guarantee and Trust Company in and to the property described in the plaintiff's complaint was subject and subsequent to the in-

terest of the plaintiff Hartfield. On appeal by Hartfield from that part of the decree adjudicating his lien to be subsequent to the interest of defendant Title Guarantee and Trust Company, the supreme court directed that the decree be modified by striking out the provisions last above mentioned and substituting a provision to the effect that the claim of the plaintiff and this judgment and decree in that behalf were and are prior and superior to any right, title, interest, or estate of the defendant Charles W. Howard and certain other defendants, "but that said claim of the plaintiff herein and this judgment and decree in that behalf was and is subsequent and subservient to the interest of the defendant Fidelity Savings and Loan Association (a corporation), which said last-named defendant's interests are superior to said claim of the plaintiff herein; provided that nothing in this judgment shall be construed or held to prejudice or affect the rights of the Title Guarantee & Trust Company accruing prior to the date when the plaintiff's lien attached to the property." (*Hartfield* v. *Howard,* 180 Cal. 376, 380 [181 Pac. 385, 386].)

The *remittitur* on that appeal was filed in the superior court on the twenty-fifth day of June, 1919. Thereafter, on the seventh day of August, 1919, the order of sale was issued pursuant to which the sheriff made the sale under which appellant makes her claim adversely to the title of the plaintiff.

[1] Counsel for appellant in his brief informs us that the decision on the appeal and the judgment as modified thereby left the question open as to whether the title of Fidelity Savings and Loan Association was superior to the claim of Hartfield as asserted in his foreclosure action. Assuming this to be the fact, he claims that the court erred in admitting in evidence a purported contract of Hartfield whereby it was claimed by respondent that at the time when Howard's trust deed was made, Hartfield agreed with the Fidelity Savings and Loan Association that if it would make further advances of funds for the completion of said hotel building, all of Hartfield's claims then or thereafter existing for labor or materials furnished by him should be deemed subordinate and subsequent to the lien for any moneys theretofore or thereafter to be advanced by the Fidelity Savings and Loan Association. We are of the opinion that the

claimed error of the court in the reception of this evidence is not material to this appeal. It is immaterial for the reason that the judgment as modified under the order of the supreme court finally established the priority of the rights of respondent under its trust deed as against any claims arising under the lien asserted by Howard. Any rights acquired by appellant as the purchaser at the sheriff's sale under the decree of foreclosure were subject to the prior rights established by that decree. Having acquired title by the trustee's deed of January 15, 1916, at a sale made on account of default in performance by Howard of the conditions of his trust deed, respondent thus acquired a title superior to and unaffected by the adverse claim asserted herein by appellant.

There is no merit in the claim of appellant that plaintiff cannot recover for the reason that the plaintiff had no title or ownership of the property at the time of the trial. There is nothing in the record concerning this fact except the statement of respondent's attorney that one Bates was then the present owner of the property, he having acquired by mesne conveyance from respondent. It is not claimed that this objection was presented to the court at that time. If made, it would have been properly overruled. (Code Civ. Proc., sec. 385; *Knobloch* v. *Associated Oil Co.,* 170 Cal. 144, 147 [148 Pac. 938].) If Bates was the owner, he had the clear right to continue the action in the name of the plaintiff.

The judgment is affirmed.

Shaw, J., and James, J., concurred.