[Civil No. 2543. Filed November 15, 1926.]

[250 Pac. 562.]

RALPH B. QUINN, Appellant, v. W. A. COX, J. C. LUNSFORD, CHARLES H. YOUNG, MYRTA KATHRYN YOUNG and C. MILNER, Appellees.

Mr. H. M. Vandenburgh and Mr. Spencer B. Pugh, for Appellant.

Mr. John W. Ray, for Appellees Young.

ROSS, J.—On January 7, 1924, Ralph B. Quinn executed and delivered his interest-bearing note for $5,000 to one W. A. Cox, payable January 7, 1927, and, at the same time, executed and delivered to Cox a realty mortgage to secure the note. He brought this suit to have said instruments set aside and declared void alleging as grounds therefor that they were obtained from him by Cox through fraud and without consideration, that the other defendants, assignees of the Cox note and mortgage, knew the facts, that they originated in fraud and that no consideration was paid for them.

Defendants Charles H. Young, assignee of note and mortgage, and Myrta K. Young, his wife, filed an answer. Cox, the payee, and Lunsford, assignee, were not served with process and made no appearance. Milner disclaimed.

Among other answers, the Youngs interposed an adjudication of the superior court of Maricopa county, in cause No. 20879–B, wherein J. H. Mouer was plaintiff and Ralph B. Quinn, the Youngs, and others were defendants, claiming that the validity (and priority) of the Cox note and mortgage was in issue and was tried and determined adversely to plaintiff. This plea in bar was sustained, and the only question on this appeal is whether the action of the court in that respect was erroneous.

The Mouer action (No. 20879–B) was also a fore-closure proceeding. Mouer, claiming to have an equitable mortgage upon Quinn's realty, sought to have it foreclosed, and in that action made the Youngs defendants, alleging on information and belief that the defendants Young claimed some right, title, interest or estate in the real property mortgaged to him, subsequent and subordinate to his mortgage, and asked for judgment so declaring. To this complaint the Youngs answered that they were the owners and holders for value of the Cox note and mortgage; that they were not paid; and that the mortgage was a valid, subsisting lien against the mortgaged property, prior to the lien claimed by Mouer by virtue of his mortgage, and asked for judgment so declaring.

In the Mouer action, Quinn filed an answer setting up defenses but made no reference to the answer filed by his co-defendants, the Youngs, either by way of admission or denial. It was determined in that suit that Mouer had no mortgage or lien on defendant Quinn's premises. Thus the question of priority was eliminated, and the validity of the Cox mortgage became a matter of indifference to Mouer. The validity of the Cox note and mortgage was not put in issue by the pleadings as between the co-defendants Quinn and Young, and was not a proper question for litigation or adjudication in that case. The controverted question there was whether or not Mouer had a valid mortgage on Quinn's property, and, if so, whether it was prior and superior to the Cox mortgage then owned by the Youngs. The validity of the Cox note and mortgage in that suit was not in controversy. Freeman on Judgments, volume 1, section 422 (fifth edition), in stating the general rule of estoppel by judgment, says:

"Parties to a judgment are not bound by it in a subsequent controversy between each other, unless

they were adversary parties in the original action. There must have been an issue or controversy between them. The reason for this rule, obviously, is the same as that which underlies the whole doctrine of *res judicata;* namely, that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated, but to litigate them against the party [or his predecessor in interest] who seeks to use the judgment against him.''

And in section 424 the learned author says:

''Ordinarily, however, co-defendants are not adversary parties, since usually no issues are made between them, and a judgment therefore cannot generally be used by one against the other as an estoppel, and this is true even though one of them has filed a cross-complaint, if the other is not made a party to it or had no notice of it.''

See, also, 15 R. C. L. 1013, § 487; 19 R. C. L. 552, § 358; *Gouwens* v. *Gouwens,* 222 Ill. 223, 113 Am. St. Rep. 395, 78 N. E. 597; *Nevins* v. *Coleman,* 198 Mo. App. 252, 200 S. W. 445; *Wardlow* v. *Middleton,* 156 Cal. 585, 105 Pac. 738; *Keagy* v. *Wellington Nat. Bank,* 12 Okl. 33, 69 Pac. 811; *Wolz* v. *Venard,* 253 Mo. 67, 161 S. W. 760.

The judgment in cause No. 20879–B is one running in favor of C. H. Young and Myrta K. Young and Quinn against plaintiff Mouer, holding that the Cox mortgage was superior to Mouer's mortgage and that Mouer had no mortgage on the Quinn property. The one expression, and the only one, upon which the plea of estoppel is based is a statement in the introductory part of the judgment, wherein the names of the parties and their attorneys are given, to the effect that the Cox mortgage ''is *bona fide*'' and was recorded prior to the Mouer mortgage. The judgment does not pretend to run against Quinn and in favor

of the defendants Young, and if it did it would have no support whatever in the pleadings as that question was not in controversy.

We are satisfied that the court erred in sustaining the plea in bar, and that the order should be reversed and the cause remanded, with directions that further proceedings be had not in conflict herewith. It is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.